PEOPLE *v.* WINKLE.

CRIMINAL LAW—NONJURY CASE—CONCEALED WEAPONS.
   Defendant motorist was not prejudiced in nonjury trial by reason of admission in evidence against him in prosecution for carrying concealed weapons and for possession of burglar tools of articles not mentioned as permissible in amendment of search and seizure clause of State Constitution, where some articles were found in his car that were mentioned therein as being admissible, if search took place outside the curtilage of a dwelling house and car had been stopped on highway for traffic violation (Const 1908, art 2, § 10, as last amended in 1952; CL 1948, § 750.116).

Appeal from Lenawee; Martin (Rex B.), J.   Submitted October 15, 1959.   (Docket No. 83, Calendar No. 47,895.)   Decided January 4, 1960.

George H. Winkle was convicted of carrying a concealed weapon and having possession of burglar tools.   Affirmed.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Kenneth B. Glaser, Jr.,* Prosecuting Attorney, for the people.

*Baker & Durst,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
47 Am Jur, Searches and Seizures § 18.

Voelker, J. Appellant Winkle was found guilty following his trial below under a single information containing 2 counts charging the crime of carrying a concealed weapon and the crime of possession of burglar tools. Trial was had before the circuit judge, a jury having been waived. The offending articles, all of which were admitted into evidence at the trial, were discovered and seized by 2 State police officers following a search made by them of a car driven by Winkle after he was stopped along the highway by the officers for a traffic violation which the officers had just observed and to which Winkle subsequently pleaded guilty. In the present case the defendant timely moved to suppress all the evidence obtained by the search, which motion was overruled, all the articles admitted, and the convictions resulted. Upon leave granted, the defendant has appealed here, urging 3 propositions: that he was never actually arrested by the officers; that in any event an arrest for the traffic offense (driving through a red light) did not warrant the search of the car and admission in evidence in the present case of the articles thus obtained; and, finally, that article 2, § 10, of the Michigan Constitution (1908), as amended in 1936 and again in 1952, offends against and is repugnant to the Constitution of the United States.

Article 2, § 10, of the Michigan Constitution (1908), as last amended, reads as follows:

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation: *Provided, however, That the provisions of this section shall not be construed to bar from evidence in any court of criminal jurisdiction, or in any criminal proceed-*

*ing held before any magistrate or justice of the peace, any narcotic drug or drugs, any firearm, rifle, pistol, revolver, automatic pistol, machine gun, bomb, bomb shell, explosive, blackjack, slungshot, billy, metallic knuckles, gas-ejecting device, or any other dangerous weapon or things, seized by any peace officer outside the curtilage of any dwelling house in this State."* (Matter added by the amendments is italicized.)

The search of the car which is complained of here turned up a loaded .38 calibre revolver, a quantity of nitroglycerin, certain wood and metal cutting and burning implements, an electric drill, 2 pry bars, 1 pair of 10-inch wire cutters, 7 assorted chisels, 3 lock picks, an assortment of skeleton keys, 1 large sledge hammer, 2 gas masks, and a generous supply of detonator caps, besides numerous other professional adjuncts and accessories of the complete burglar. All of these articles were admitted in evidence over objection. It should be added that none of these articles could be seen by the officers when they stopped the Winkle car for the noted traffic offense nor had the officers any information or knowledge that any felony had been, was being, or was about to be committed. So far as it may be relevant to a decision in this case, the main reason for the officers making the search appears to have been the unsatisfactory and conflicting answers Winkle and a fellow passenger gave the officers in response to questions put by the officers to them about who they were, where they were from, and whither they were bound.

The revolver was described and set forth in the first count of the information, which charged the carrying of a concealed weapon; the nitroglycerin and detonator caps as well as all the other articles above set forth (except the revolver) were described and included in the second count of the information,

which count charged in the usual form possession of burglar tools.

In *People* v. *Gonzales,* 356 Mich 247, this Court recently unanimously held (except for Mr. Justice Kavanagh, who did not sit) that the noted amendment to our Constitution did not offend the United States Constitution or any of its amendments. It will further be observed that the amendment to our State Constitution includes both the words "revolver" and "explosive" among the articles there enumerated. We also note that the "burglar tool" statute (CL 1948, § 750.116 [Stat Ann § 28.311]) specifically includes "nitroglycerine, or other explosive."

Since our decision in *Gonzales* it appears that once it has been determined that the search and seizure has occurred, in the words of the amendment, "outside the curtilage of any dwelling house in this State" and once it has further been determined that the articles seized and offered in evidence in a criminal proceeding are among those enumerated in that amendment (both of which are so here) then the circumstances of the arrest and of any search or seizure, or the frequently prickly question of whether or not the search and seizure was "unreasonable," appear to become totally irrelevant in any phase of the criminal case. As Mr. Justice Smith tersely wrote in *Gonzales* (p 264): "When we conclude that * * * [the amendment] is not repugnant to the Constitution of the United States, we have disposed of the case before us." The question is whether there are circumstances in this case, properly brought before us by the records and briefs, which take it without the broad rule of *Gonzales.* We think there are none.

---

· Before prosecutors and police go dance in the streets, a word or two of warning is in order. The

question nevertheless still persists whether there are no possible situations in these or similar circumstances where the legality of the search might become relevant or even crucial. We think there may be and that this very case suggests if it does not present some of them. We have here a situation where on the face of it part of the results of the search appear admissible regardless of the validity of the search (the nitroglycerin and the detonator caps), since they are embraced both within the amendment and the "burglar tool" statute, and again in the same case a situation where the admissibility of another part of the results of the same search (the bulk of the "burglar tool" articles here seized) in turn depends upon the reasonableness of the search. The trial judge admitted all of them, evidently on the theory that the search was not unreasonable. If the search was good, then all the articles were admissible, and his decision was correct, amendment or no amendment. Had he been wrong, however, and especially had there also been a jury trial in this case, might not the defendant at least arguably have been prejudiced by the erroneous admission of so many articles of such a patent "burglar toolish" character, along with the 1 or 2 articles that were by virtue of the amendment admissible regardless of the illegality of the search, especially if it should happen that the latter 1 or 2 articles if admitted and considered alone might at least arguably be susceptible of innocent workaday uses? And aside from the rights of a defendant, might not the people thus gratuitously be injecting in a given case a matter of proof (legality of the search) that they otherwise need not have raised had they instead confined their charge and offer in evidence only to those articles clearly embraced in the amendment? And should not a careful and fair prosecutor also consider the propriety and

possible danger in these circumstances of joining in a single information, as was done here, 2 separate offenses which anticipate the ultimate introduction into evidence of seized articles, as to part of which the amendment clearly applies (such as the lone revolver in the concealed weapon count) and, as to the "burglar tool" charge in the other count, part of the seized articles are embraced within the amendment and part are not? Might not the people thus possibly find themselves in a situation of nevertheless having to maintain the validity of the search, even though some (or even most) of the seized articles were clearly within the scope of the amendment? These are some of the possible prickly questions suggested by the general situation in this case.

Despite the foregoing, we are not going to get into the question of the reasonableness of the search in this case. None of these questions was raised or argued or hinted at here or below. Even assuming arguendo that the search here might have been bad, certainly some of these articles would have nevertheless been admissible under the amendment, regardless of that fact. At the very most, perhaps, the trial might have been delayed. In the particular circumstances of this case, and considering the nature of the articles that would clearly have been admissible under the amendment if offered alone, we are not going to assume that the circuit judge, sitting without a jury, was unduly swayed, or that the defendant was unduly prejudiced by the possible erroneous admission (which we do not pass on) of certain additional articles along with other articles that were admissible regardless of the possible illegality of the search. We raise the above questions more for the future than for their applicability to this case. We do not undertake finally to answer them. We assume that a word to the wise is sufficient, and that those most concerned

will duly ponder the implications of the foregoing remarks.

There remains 1 final observation. We note that the 2 State police officers who made the search and testified below, candidly admitted at the trial that searches of the kind made here, at the hour this one was made (around 2 a.m.), are "routine" with their department, once a car is legally stopped for a minor traffic offense. This is the second time in a few months that questioned searches of this kind have come before us. *Gonzales* was the other. We do not understand that either the noted amendment or our decision in *Gonzales* authorizes the police to become motorized inquisitors or to make indiscriminate searches of persons or cars following their legally being stopped for minor traffic offenses. If this is indeed the settled policy of the State police or others, we suggest that it forthwith be reviewed and that the practice cease.

The convictions below are affirmed.

KELLY, SMITH, and BLACK, JJ., concurred with VOELKER, J.

EDWARDS, J. (*concurring in result*). I concur with Justice VOELKER's result. It is obvious that at the time of the search of the automobile in this case, and at the trial of this case, the police officers were relying upon *People* v. *Davis*, 247 Mich 536, as authorizing search of the automobile contemporaneous with any traffic arrest. As a result, little effort was made in court to offer justification for the search in terms of probable cause to believe a felony was being committed.

In *People* v. *Gonzales*, 356 Mich 247, 256, we have recently overruled *People* v. *Davis*. But as Mr. Justice VOELKER points out, *Gonzales* also stands as

authority for admission in evidence (under the 1936 and 1952 amendments to article 2, § 10, Mich Const [1908]) of the revolver, the dynamite, and the dynamite caps which were found in the trunk of defendant's car. With these items in evidence and without the other exhibits, this record offers ample evidence to sustain the convictions. I agree that there was no prejudicial error.

DETHMERS, C. J., and CARR, and KAVANAGH, JJ., concurred with EDWARDS, J.