**STATE of Missouri, Respondent,**

v.

**Ralph DAVENPORT, Appellant.**

No. 49068.

Supreme Court of Missouri,

Division No. 1.

Oct. 8, 1962.

Karl F. Lang, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., James A. Roche, Jr., Special Asst. Atty. Gen., Jefferson City, for respondent.

HYDE, Judge.

Defendant was convicted of possession of apparatus for the unauthorized use of narcotic drugs and sentenced to five years' imprisonment under the habitual criminal statute (Secs. 195.020, 195.200, 556.280; statutory references are to RSMo and V.A. M.S.) and has appealed.

Defendant's brief submits three points, one alleging error in refusing his motion for directed verdict, claiming the State's evidence was insufficient to prove that the alleged narcotics apparatus seized from the defendant was used to administer narcotic drugs or could have been used to administer narcotic drugs. Closely related thereto is defendant's claim of error in refusing to sustain his motion to suppress evidence introduced by the State, consisting of the alleged narcotic paraphernalia, contending that this evidence was obtained by illegal search and seizure. As hereinafter appears, this evidence was necessary to make a case

for the jury. Defendant's other point claims improper limitation of cross-examination.

The State's evidence showed that Sergeant Nance, supervisor in charge of the area involved, with three cars and three beat men under him, while driving his patrol car to the intersection of Enright and Taylor, about 8:00 P.M., heard an alarm go off in a dry goods store on the southeast corner. He parked his car and after finding the front door was secured, tried to get to the rear of the building from Enright but had to come back and go through an alley leading there from Taylor. The rear door of the store was open and he found defendant standing inside the framework of the door. He arrested defendant for attempted burglary. Nance, before leaving his car, had called for dispatching a car to the scene and Officers Fink and Bovinette arrived in the alley to find Nance holding his gun and flashlight pointed at defendant who was at the rear of the store just inside of the doorway. The time they received the call was about 8:10 to 8:15 P.M. At Nance's direction Fink put his handcuffs on defendant and searched him. Fink said: "In his left front trousers pocket I found a brown piece of wrapping paper, appeared to be wrapping paper, and had rubberband tied around it, and I took the rubberband off, and inside of the paper I found hypodermic needle that had a small wire inside of it, and I found teaspoon with the handles broken off, and I found two syringes, glass tubes, one had a black rubber bulb and one had a red rubber bulb, and one of the tubes was broken." Fink further testified as to his interrogation of defendant: "I said, 'Does this stuff belong to you?' and he said, 'Yes.'" Bovinette also saw the search and testified that defendant "admitted they were his" and "stated he used narcotics with those." John Klosterman, Police Chemist, testified that the teaspoon taken from the appellant's pocket had a residue of heroin on it, but that the substance on the other pieces of paraphernalia was too minute to conclusively identify. Klosterman also described the paraphernalia and told how it could be used for injection of narcotics. Defendant was arrested on November 22, 1960; and thereafter he was tried on a charge of burglary and acquitted.

Defendant testified he was working at Tyree's Confectionery, 4857 Maffitt, St. Louis; that he left there around 7:15 or 7:30 to buy shrimp; that he stopped at the Celebrity Bar at Delmar and Taylor and drank some beer; and that he was stopped by Officer Nance after he left the Bar and crossed to the east side of Taylor Avenue. He said Officer Nance took him to the rear of a building and had him pick up a brown envelope with the name "East-on-Taylor Trust Company" printed on it; that Nance stuck the envelope in the appellant's pocket and that when Officer Fink searched him later he removed the package from his pocket. Defendant denied that the package was opened in his presence and also denied that he had ever admitted to the police officers that the package and its contents were his.

On objection to the testimony concerning the search of defendant and what was found, on the ground no legal arrest and on motion to suppress the evidence of what was taken, the court held a separate hearing and thereafter overruled the objection and the motion. The evidence on this hearing (testimony of Nance) was similar to that above stated, which thereafter was heard by the jury.

Defendant contends that it was error to overrule the motion to suppress and admit in evidence the articles found on defendant arguing that his arrest and the search were illegal because Nance did not have reasonable grounds to arrest him. He says his arrest was unlawful because Nance did not have reasonable grounds to believe that he had committed the felony of attempted burglary. Defendant cites State v. Cuezze, Mo.Sup.,

249 S.W.2d 373, but in that case we said: "There is not the slightest evidence that these defendants had committed a crime. There is no evidence that these defendants had committed any misdemeanor in the presence of the police officers. There is no evidence that they had any suspicion that these defendants had committed a felony. * * * There is nothing in the record that would lead any reasonable person to believe that these defendants were going to commit a crime, let alone any specific crime. * * * Under the circumstances in this case, the search could not be upheld, this for the reason that the settled doctrine that a search of a person is justified only as an incident to a lawful arrest. Here the arrest was unlawful." We have a very different situation in this case, the front door of a store locked, a burglar alarm sounding and defendant found inside the framework of an open rear door in the alley. Our conclusion is that, under these circumstances, Nance did have reasonable grounds to believe that defendant had committed or was attempting to commit a felony and therefore the arrest was lawful and defendant was lawfully searched. See State v. Cantrell, Mo.Sup., 310 S.W.2d 866, 869, 870, followed in State v. Pruett, Mo.Sup., 342 S.W.2d 943, 945; State v. Jonas, Mo.Sup., 260 S.W.2d 3, 5; Sec. 84.090; see also State v. Edwards, Mo.Sup., 317 S.W.2d 441, 445, discussing the Cuezze case; State v. Brown, Mo. Sup., 291 S.W.2d 615, and State v. Drake, Mo.Sup., 298 S.W.2d 374, which were burglar alarm cases; and State v. Raines, 339 Mo. 884, 98 S.W.2d 580. Therefore there was no error overruling the motion to suppress and the articles taken from defendant were properly admitted in evidence.

■ Defendant's contention that the evidence was insufficient to prove that the apparatus taken was possessed in violation of the statute is that he "was charged with possession of apparatus for the unauthorized use of narcotic drugs"; that the evidence only showed "the residue on the teaspoon contained heroin"; and that "the spoon alone could not be used to administer narcotic drugs." Defendant cites State v. Scott, Mo.Sup., 333 S.W.2d 41, and says the evidence in that case showed that both the eyedropper and the needle therein showed the presence of heroin. Defendant further says there was no evidence of needle marks on his body to show he had used the apparatus on himself or to show that the eyedropper and needle had been used or could be used to administer narcotic drugs. Defendant overlooks the testimony of Bovinette that defendant said "he used narcotics with those", and also the testimony of Klosterman as to how the articles of the apparatus could be connected and used to inject narcotics into the bloodstream. This evidence, together with the showing of the presence of heroin on the spoon used with the other articles, was sufficient to make a case of violation of the statute. Therefore, we hold the motion for a directed verdict of acquittal was properly overruled.

Defendant claims improper limitation of cross-examination of Nance about circumstances surrounding his arrest which he says would show that Nance did not have reasonable grounds to arrest him. Defendant's brief thus states these circumstances he desired to show: "If all the facts concerning the condition of the store at 730 North Taylor could have been developed, they would have shown that there were two rear doors to the building that had been forcibly opened prior to the arrest. It would have also been shown that a padlock had been removed from one of the doors. However, no burglar tools to force open the doors or to break the padlock were found on or about the appellant. These facts, together with the additional fact that the alarm was ringing for several minutes prior to the arrest, would tend to show that appellant was not attempting a burglary at the time of the arrest." We find that Nance did say on

cross-examination that there were two open near doors. When asked if there was a lock on any of them, objection for the State was made that "counsel is retrying the burglary case and that's not at issue in this case." Defendant's counsel then made the following offer of proof: "I offer to prove he was tried in this case for burglary charge and was acquitted, and in that case the evidence shows there was a lock on the door but that it had been broken, but was never found, and there had been no tools on Davenport; that he was searched, and nothing in connection with the search that the officers made that connected him with that burglary; and his defense was that he was arrested on the street, that he was not arrested back there." The State's objection was sustained. Obviously this offer of proof was different from the above-stated circumstances set out in defendant's brief and concerned matters shown in the trial for burglary rather than facts known to Nance when he arrested defendant.

■ There was another reference to this matter as follows: "Q Did you find anything else, any money, or any wallet, or burglar tools? MR. ROCHE: I object to that. There is no issue in this case as to burglary tools. MR. LANG: There is, Your Honor. THE COURT: Sustained." Thereafter, there was much more cross-examination about the search by Fink, in the presence of Nance, as to what was found, how defendant was dressed, his later questioning at the police station, his denial of the burglary and statements he made at the scene and at the station. It is apparent that the offer of proof made concerned the later burglary trial, the defense defendant made to it and its result. Defendant cites Alford v. U. S., 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624,

and State v. Thompson, Mo.Sup., 280 S.W.2d 838, which cites the Alford case. In the Thompson case, the defendant was not permitted to show on cross-examination that a witness against him had made prior inconsistent statements concerning a material matter. In the Alford case, the purpose of the cross-examination was to show that a witness's "testimony was biased because given under promise or expectation of immunity, or under the coercive effect of his detention by officers of the United States, which was conducting the present prosecution"; and "that his testimony was affected by fear or favor growing out of his detention." These are very different matters from those stated in defendant's offer of proof; and whether or not defendant was actually guilty of burglary did not make his arrest unlawful if the reasonable appearances of the situation at the time did so indicate. "The court is invested with much discretion, and necessarily so, in determining the extent of cross-examination." State v. Turner, Mo.Sup., 320 S.W.2d 579, 584; see also State v. Russell, Mo.Sup., 324 S.W.2d 727, 732; State v. Burchett, Mo.Sup., 302 S.W.2d 9, 18, and cases cited. On the offer of proof made, we find no abuse of discretion of the trial court.

■ We have examined the record as required by Rule 28.02, V.A.M.R. Although the transcript does not show formal arraignment, this does not constitute reversible error because defendant was tried as if he had been arraigned and entered a plea of not guilty. Rule 25.04. We find no error respecting the sufficiency of the information, verdict, judgment and sentence.

The judgment is affirmed.

All concur.