STATE of Missouri, Respondent,

v.

Thomas KENT, Jr., Appellant.

No. 50056.

Supreme Court of Missouri,

Division No. 1.

Feb. 10, 1964.

Thomas Kent, Jr., pro se.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Ronald R. McKenzie, Sp. Asst. Atty. Gen., Hannibal, for respondent.

HYDE, Judge.

Defendant, charged under the Habitual Criminal Act (Sec. 556.280), was convicted of possession of a narcotic drug and sentenced to ten years' imprisonment. Sec. 195.020. (Statutory references are to RSMo and V.A.M.S.) Defendant has appealed but has filed no brief so we consider all grounds stated in his motion for new trial, made in accordance with Supreme Court Rule 27.20, V.A.M.R., which serve as assignments of error on appeal. (See also Rule 28.02.)

Defendant contends the evidence was not sufficient to make a submissible case or to sustain a conviction for the offense charged. Defendant offered no evidence and his motion for a judgment of acquittal was denied. Therefore: "In determining the sufficiency of the evidence to sustain a conviction, we consider as true the evidence favorable to the State and the favorable inferences reasonably to be drawn therefrom; and evidence to the contrary is rejected." State v. Hutchin, Mo., 353 S.W. 2d 701, 702, and cases cited.

The evidence showed that in the afternoon of August 15, 1962, after receiving a phone call, Detective Altemus went with Detective Beeks to the Franklin Hotel in St. Louis. Altemus went to Room 316, found the door open, went in and found three people there. On his way there, Beeks saw defendant with a brown paper bag in his

right hand and followed him toward the window to the fire escape. He lost sight of defendant for about a second at the fire escape when he was behind something but found him on the fire escape and saw he did not have the paper bag. Beeks did not see defendant throw the bag but looked over the fire escape and saw a brown paper bag three stories below in the alley. He brought defendant to Altemus, left him in his custody, and went down to the alley where he retrieved the brown paper bag. In the paper bag was a cloth tobacco bag in which there was a cellophane container containing 15 gelatin capsules which were found by the police chemist to contain heroin. Beeks also picked up five similar empty capsules on the ground directly under Room 316 which showed traces of heroin.

■ In his motion, defendant contends: "The State's testimony that a police officer saw defendant holding a brown paper bag as he went through a window, and then later found a brown paper bag on the ground three stories below underneath the window containing heroin is not sufficient evidence that defendant had possession of narcotics as charged." Defendant also argues that Beeks stated it was impossible for defendant to have thrown the empty capsules from the fire escape to the place where they were found since the fire escape was on the south side of the building and the empty capsules were found on the west side. Defendant in his motion argues that the verdict, therefore, is based on guesswork and speculation. However, the finding of the five empty capsules was in no way essential to proof of the State's case of defendant's possession of narcotics although it might indicate possession and use of narcotics by someone in the building. The State made a case for the jury by very strong circumstantial evidence by showing Beeks saw defendant run to the fire escape with a brown paper bag in his hand, found him on the fire escape without it, saw such a paper bag below the fire escape in the alley and upon retrieving this bag of the same size, color and shape as the one he saw

in defendant's hand found in it 15 capsules containing heroin. He also said he saw no other bag in the alley. See State v. Woolsey, Mo.Sup., 328 S.W.2d 24; State v. Reagan, Mo.Sup., 328 S.W.2d 26; State v. Davenport, Mo.Sup., 360 S.W.2d 710. Furthermore Beeks testified to statements made by defendant, as follows: "Q What did he say to you? A He stated that he was good for this particular rap. Q What else, if anything, did he say, as far as his participation with that item? A Well, he said the stuff—he mentioned he was working for somebody and the stuff was his and he was good for the rap." Defendant also stated the name of the owner for whom he worked. Therefore, we hold the State made a submissible jury case and defendant's motion for acquittal was properly denied.

■ Grounds 1 and 2 of defendant's motion stated that Beeks testified at defendant's preliminary hearing that "defendant had the bag in his left hand and not in his right hand" as he stated at the trial and also stated there "that defendant at no time had made any confession to him." These claims were raised by Ground 1 as error at the trial in refusing a continuance to so show (although the court did suspend the trial for several hours for defendant to get the preliminary transcript) and in Ground 2 as newly discovered evidence. However, the court held a hearing on defendant's motion for new trial, at which the transcript of Beek's testimony at the preliminary was produced and it showed that Beeks then testified that when he saw defendant in the hotel he "noticed a brown paper bag in his right hand." The transcript also showed Beeks was not asked at the preliminary hearing whether defendant made any confession or admissions to him. Thus Grounds 1 and 2 were without merit.

■ Ground 3 alleged error in permitting the State to show that a telephone call was made to the officers before they went to the hotel and this is claimed to have permitted reliance on hearsay evidence and a tip to

the police to prove defendant's guilt. However, when Altemus in answer to a question as to what occurred on August 15, 1962, stated that a phone call was received that afternoon, he was stopped by an objection before he could say any more about it. All objections concerning the call were sustained and therefore we find no prejudicial error was shown.

■ Ground 4 alleged error in permitting the State to argue that defendant was a seller of narcotics when there was no evidence to so show. However, defendant overlooks Beeks' testimony as to the statement made to him by defendant as to working for the owner of the narcotics. Furthermore, defendant's counsel in his argument to the jury first brought up the issue as to whether defendant was a seller and asked the State to concede that defendant "never did sell narcotics," which the State refused to do. Thereafter defendant's counsel, after attempting to minimize defendant's offense, said: "[G]entlemen, let's bring in the pusher. Let's bring in the man who is doing this thing. Let's bring in the man who is clearly wrong and let's convict him." What was thereafter said in the State's final argument was in the nature of reply to the argument of defendant's counsel, by arguing that defendant himself was guilty of a serious crime in possessing narcotics and saying he was like a storekeeper. The objection by defendant's counsel that "there is no evidence of selling narcotics" then was sustained. Therefore, we find no prejudicial error in the exercise of the discretion the trial court had concerning retaliatory arguments. See State v. Martin, Mo.Sup., 347 S.W.2d 680, 682; State v. Cusumano, Mo., 372 S.W.2d 860, 866, and cases cited.

■ Ground 5 alleged error in permitting the State to infer that the Grand Jury had considered the case and found defendant guilty but we find no basis in the record for this claim either as to showing such a statement or any objection making reference to such a matter. Moreover, the record shows no indictment but only an information on which defendant had a preliminary hearing. In Ground 6, there is no claim of error as to any additional matter but it is stated that "the cumulative effect of all this testimony and argument was so prejudicial and inflammatory as to make it impossible for the jury to give defendant a fair trial." However, our rulings as to the specific claims of error show there is no merit in this claim.

■ Ground 7, stating only that the court's instructions "gave the jury a roving commission to find the defendant guilty and * * * constitute the misdirection and misstatement of the law"; and Ground 8, stating the verdict was against the weight of the evidence, although they could be considered by the trial court, are too general to preserve anything for appellate review. Nevertheless, because of our authority stated in Rule 27.20(c) we have considered the instructions and find no prejudicial error therein.

■ However, the Attorney General's brief commendably calls our attention to the fact that, while a prior felony conviction of defendant was shown, there was no evidence whatever offered to show that after sentence in that case defendant was "subsequently placed on probation, paroled, fined or imprisoned therefor" as required by Sec. 556.280 to make the habitual criminal statute applicable. We have examined the record as required by our Rules 28.02 and 28.08 and find it sufficient with respect to the sufficiency of the information and verdict, but because of the State's failure to make sufficient proof to show the habitual criminal statute applicable, it will be necessary to follow the same procedure stated and applied in State v. Hill, Mo.Sup., 371 S.W.2d 278, 282, 283.

Therefore, the sentence herein is declared void, the judgment is reversed and the cause remanded with directions to the court to cause the defendant to be brought before it to hold a hearing on the issue of the applic--

ability of the habitual criminal statute to defendant and if proved that, after being sentenced on his former conviction, he was either placed on probation, paroled, fined or imprisoned therefor, to pronounce sentence and judgment against defendant taking all proper procedural steps required therefor by law and the rules of this court but in the alternative if the habitual criminal statute be found inapplicable to the defendant to grant him a new trial on all issues.

All concur.