**George H. WINKLE, Petitioner-Appellee,**

**v.**

**George A. KROPP, Warden, State Prison of Southern Michigan, Respondent-Appellant.**

**No. 18574.**

United States Court of Appeals
Sixth Circuit.

Nov. 15, 1968.

Stewart H. Freeman, Asst. Atty. Gen., Lansing, Mich., for appellant; Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., on brief.

D. Michael Kratchman, (Court Appointed) Detroit, Mich., for appellee.

Before WEICK, Chief Judge, CELEBREZZE, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellee was convicted in the Circuit Court of Lenawee County, Michigan, in 1958, for carrying concealed weapons and for possession of burglary tools. The Supreme Court of Michigan affirmed the

conviction. People v. Winkle, 358 Mich. 551, 100 N.W.2d 309 (1960). Thereafter the Supreme Court of Michigan denied, in an unreported order, Winkle's petition for habeas corpus and certiorari. The Supreme Court of the United States granted certiorari and upon the suggestion of the Attorney General of Michigan, remanded the case to the Supreme Court of Michigan for consideration in the light of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Winkle v. Bannan, 368 U.S. 34, 82 S.Ct. 146, 7 L.Ed.2d 91 (1961).

Upon receipt of the mandate from the United States Supreme Court, the Supreme Court of Michigan vacated its earlier denial of habeas corpus and ordered the cause to be rebriefed and reargued, and again denied the writ. All seven Judges agreed, although for different reasons, that there was no unlawful search and seizure of appellee's automobile. In re Winkle, 372 Mich. 292, 125 N.W.2d 875 (1964). Certiorari was denied by the United States Supreme Court, Winkle v. Bannan, 379 U.S. 645, 85 S.Ct. 611, 13 L.Ed.2d 551 (1965), and a rehearing was denied, 380 U.S. 967, 85 S.Ct. 1102, 14 L.Ed.2d 157 (1965).

Appellee then filed a habeas corpus action in the District Court for the Eastern District of Michigan, 279 F.Supp. 532, and the District Court granted the writ, disagreeing with the Supreme Court of Michigan, and holding that Article 2, Section 10 of the Michigan Constitution of 1908 was in violation of the Fourth Amendment to the United States Constitution.

Appellant contends that the case is controlled by Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949), which was overruled in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Appellant further contends that the judgment of conviction in the present case had become final before Mapp was decided and that Mapp should not have been retrospectively applied by the District Court. He

relies on Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

■ The question whether *Mapp* should be retrospectively applied apparently was not brought up in the District Court as everyone assumed that the rule in *Mapp* was controlling. It is not understandable why counsel for appellant did not present the point. However, irrespective of whether this question of law was raised by counsel for appellant, it is clear from *Linkletter* that it was error to apply *Mapp* retrospectively. The rule in *Wolf* should have been applied.

■ Since *Wolf* was applicable, the question whether Article 2, Section 10 of the Michigan Constitution of 1908 offends the Fourth Amendment to the Constitution of the United States was not properly before the District Court; nor is it properly before us and we express no opinion on it.

The judgment of the District Court is vacated and the cause is remanded for further proceedings in conformity with this opinion.