**STATE of Missouri, Respondent,**

v.

**Jack Virgil CAFFEY, alias Jack
Caffey, Appellant.**

No. 53229.

Supreme Court of Missouri,
Division No. 1.

Jan. 13, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Adam B. Fischer, Sp. Asst. Atty. Gen., Sedalia, for respondent.

Wayne C. Smith, Jr., Springfield, for appellant.

FRED E. SCHOENLAUB, Special Judge.

Defendant was found guilty by a jury of possession of burglar's tools. Section 560.-115 RSMo 1959, V.A.M.S. Upon a finding of a prior felony conviction by the Court he was sentenced to three years in the custody of the Department of Corrections. Sections 556.280 and 560.115 RSMo 1959, V.A.M.S. Defendant's motion to set aside the verdict and to direct a verdict of acquittal, or in the alternative to grant a new trial, was overruled and he appealed.

Defendant assigns as error the action of the trial court in overruling his motion to suppress evidence obtained as the result of an illegal search, and in permitting police officers to testify concerning the reputation defendant bore in the Springfield Police Department for being a burglar.

At approximately 12:30 a. m. on the morning of October 27, 1965, Officers Donald Eskew and Douglas Rookstool, while on a routine patrol, observed three persons, two women and one man, in a laundromat at the intersection of Grant and High Streets in Springfield, Missouri, and a car containing one man parked in front of the laundromat. They circled the block and as they passed the laundromat the second time, Officer Rookstool saw that the front of a cigarette vending machine in the laundromat had been removed. The car which had been in front of the laundromat was moving away with four people in it. The car was stopped across the intersection from the laundromat where its occupants, defendant, two women and another man, were detained by Officer Rookstool until Sgt. Jack L. Snodgrass arrived. Officer Eskew walked back to the laundromat, looked in through a window and verified Officer Rookstool's observation that the front was missing from the cigarette machine. When Sgt. Snodgrass arrived he placed defendant and his three companions under arrest for breaking into the cigarette machine and stealing its contents. The defendant was then searched and the articles in question—lock, picks, files, tension bars and several other pieces of metal—were taken from his pockets. Defendant contends that the arrest and search were illegal because the officers had neither a search warrant nor a warrant for defendant's arrest, that they knew of no recent felonies having been committed, and that no misdemeanors had been committed in their presence.

■ Police officers may make arrests without warrant not only when they know of the commission of a recent felony or when a misdemeanor has been committed in their presence, but also when they have reasonable grounds to believe that a felony has been committed and that the person to be arrested committed it. State v. Burnett, Mo., 429 S.W.2d 239, 241; State v. Vollmar, Mo., 389 S.W.2d 20, 24; State v. Berstein, Mo., 372 S.W.2d 57, 59; State v. Witt, Mo., 371 S.W.2d 215, 218; State v. Davenport, Mo., 360 S.W.2d 710, 712; State v. Edwards, Mo., 317 S.W.2d 441, 445. Defendant relies on State v. Cuezze, Mo., 249 S.W.2d 373, wherein an arrest without a warrant was held to be unlawful. But in that case the arrest was based solely on the suspicion of the arresting officer that the defendant was about to commit a felony.

■ In the case at bar the officers had observed two women and a man inside the

laundromat and one man in an automobile parked at the curb. A few minutes later they observed defendant and his companions, two women and a man in an automobile moving from a parked position in front of the laundromat, and at the same time noticed that the front was missing from a cigarette machine inside the laundromat. Under these circumstances the trial court was warranted in finding that the officers did have reasonable grounds to believe that defendant and his companions had been inside the laundromat and that they had committed a felony by breaking into the cigarette machine and stealing its contents. The arrest being lawful, the search of defendant's person made at the time of the arrest, and as an incident thereto, was also lawful. Burnett, Vollmar, Berstein, Witt, Davenport and Edwards, supra. The motion to suppress was properly overruled.

Defendant next contends the court erred in permitting police officers to testify concerning defendant's reputation in the Springfield Police Department. The lock picks, files and tension bars taken from defendant have a legitimate use. The intent with which defendant possessed them is an essential element of the offense of possession of burglar's tools. State v. Watson, Mo., 386 S.W.2d 24, 30; State v. Crouch, Mo., 353 S.W.2d 597, 601; State v. Lorts, Mo., 269 S.W.2d 88, 91; State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, 946, 103 A.L.R. 1301. The testimony by police officers that defendant's reputation in the Springfield Police Department was that of a burglar was admissible as evidence of the burglarious intent with which defendant possessed the tools. State v. Watson, supra.

The judgment is affirmed.

Henley, P. J., and Seiler, J., concur.

STORCKMAN, J., not sitting.