**Jack Virgil CAFFEY, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 54798.**

Supreme Court of Missouri,
Division No. 1.

June 8, 1970.

Jack Virgil Caffey, pro se.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

PHILIP G. HESS, Special Judge.

Appellant was found guilty by a jury of possession of burglary tools, Section 560.115, V.A.M.S., and, on July 7, 1967, was sentenced by the court to imprisonment for three years. That judgment was affirmed on appeal, State v. Caffey, Mo. Sup., 436 S.W.2d 1. Appellant thereafter filed a motion pursuant to Criminal Rule 27.26, V.A.M.R., to vacate the judgment and sentence and, from the order of the trial court denying that motion without an evidentiary hearing, he has appealed.

Appellant was represented by able counsel, Mr. Wayne Smith, Jr., at his preliminary hearing, at his arraignment and plea, at his trial and upon appeal. At appellant's specific request, the trial court appointed Mr. Warren S. Stafford to represent him on his motion under Criminal Rule 27.26, V.A.M.R.

Following the ruling of the trial court upon its findings and conclusions of law, the appellant specifically requested the trial court not to appoint counsel to assist in this appeal, and expressed his desire to the trial court to appear before the supreme court pro se.

On May 15, 1970, this appeal was called and appellant was permitted to, and did, appear to state his request that counsel not be appointed for him and that the matter be submitted upon the briefs and transcript filed. The court explained the advantages of counsel and again offered

to appoint counsel which appellant waived. The case was submitted on appellant's pro se brief and the brief of respondent.

Appellant's motion attacks the trial court's ruling in an evidentiary hearing on appellant's motion to suppress prior to the jury trial. Appellant's contentions of unlawful arrest, probable cause, and illegal search and seizure were heard by the trial court on the motion to suppress, and appellant was given the opportunity at that time to produce all the witnesses and evidence that he, advised by competent counsel, cared to produce. Appealing the jury conviction on those grounds, and again represented by competent counsel, this court sustained the ruling of the trial court and specifically found against appellant on the issues of probable cause, unlawful arrest, and illegal search and seizure. Thus, the very issues decided in State v. Caffey, supra, have been restated in appellant's motion under Criminal Rule 27.26, V.A.M.R.

Supreme Court Rule 27.26 is specific in paragraph (b) (3) by stating, "A proceeding under this Rule ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal."

In this situation then, where the issues presented were fully developed during the initial proceedings on a motion to suppress, were ably presented on appeal, were decided adversely to appellant, and, finding no new issues herein presented, this court then finds that the motion of appellant, and the information submitted by him in support thereof, together with the files and records in this case, conclusively demonstrate that he is not entitled to the relief sought, and the trial court did not err in denying his motion without an evidentiary hearing. See, as heretofore pointed out in State v. Pope, Mo.Sup., 411 S.W.2d 212, the cases of State v. Moreland, Mo.Sup., 351 S.W.2d 33; State v. Johnstone, Mo.Sup., 350 S.W.2d 774, certiorari denied 369 U.S. 877, 82 S.Ct. 1149,

8 L.Ed.2d 280; Martinez v. United States, 10 Cir., 344 F.2d 325; Thomas v. United States, 7 Cir., 308 F.2d 369.

The judgment is affirmed.

All of the Judges concur.