**Jack Virgil CAFFEY, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 18437–3.**

United States District Court,
W. D. Missouri, W. D.
July 31, 1970.

Jack Virgil Caffey, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## ORDER DENYING PETITION FOR HABEAS CORPUS

BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus adjudicating as invalid his state conviction for possession of burglary tools. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis has been previously granted.

Petitioner states that he was convicted by a jury in the Circuit Court of Greene County of possession of burglary tools; that he was sentenced on that conviction on July 7, 1967, to a term of three years' imprisonment; that he appealed from the judgment of conviction and imposition of sentence; that the conviction and sentence were affirmed on appeal (See State v. Caffey, Mo., 436 S.W.2d 1); that he subsequently filed a motion to vacate sentence in the Circuit Court of Greene County under Missouri Criminal Rule 27.26, V.A.M.R., which was denied; that petitioner appealed the denial of that motion to the Missouri Supreme Court, which affirmed the judgment of the trial court on June 8, 1970 (Caffey v. State, Mo., 454 S.W.2d 518); and that he was represented by counsel at his arraignment and plea, his trial and sentencing, on appeal and also upon his postconviction motions mentioned herein.

Petitioner states the following as grounds for his contention that his state conviction for possession of burglary tools was secured in violation of his federally protected rights:

"Petitioner's conviction and sentence of imprisonment was (sic) obtained by the State of Missouri in violation of his constitutional rights under the Fourth and Fourteenth Amendments to the U. S. Constitution in that the fruits of an illegal arrest, search and seizure, were admitted into evidence against him at his trial."

Petitioner states the following as facts in support of the above allegations:

"On the morning of October 27, 1965, the defendant was arrested by two officers of the Springfield, Missouri, city police department. At the time of the petitioner's arrest, the officers did not have a warrant for the petitioner's arrest; they did not have any information that any felony had been committed and no misdemeanor was committed in their presence.

"The officers proceeded to search the petitioner and did discover alleged burglar tools which were admitted into evidence, over objection, at the ensuing trial.

"Petitioner was tried for and convicted of possession of burglary tools, (the fruit of the illegal arrest and incidental search).

"Subsequently the judgment of the trial court was affirmed by Division

No. 1 of the Missouri Supreme Court. Thereafter, on appeal from an order denying relief under Rule 27.26, the Missouri Supreme Court again affirmed the judgment of the trial court."

Since, from the foregoing, it appeared that petitioner might have stated a claim in habeas corpus if the allegations of the petition were construed most liberally in his favor under the rule of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, and that petitioner might have exhausted his currently available state remedies, the show cause order was issued herein on June 17, 1970. Respondent's response was filed on July 9, 1970. Therein, respondent averred that petitioner had exhausted his state remedies with respect to his contention that "the fruits of an illegal arrest, search and seizure were admitted into evidence against him at his trial" but had not exhausted his state remedies with respect to any other factual allegations; that, as the Missouri Supreme Court held "on appeal of petitioner's case," the arresting officers did in fact have probable cause to arrest petitioner because they noted that a vending machine in a laundromat had been broken into after they had seen three persons in the laundromat and one in a car outside, in the vicinity of the machine, and saw the car in which petitioner was riding moving away from the laundromat after observing that the machine had been broken into; and that under the rule of Keener v. Tennessee (E.D.Tenn.) 281 F.Supp. 964 and United States ex rel. Santiago v. Follette (S.D.N.Y). 298 F.Supp. 973, trial errors, e. g., involving the admission of evidence at the trial, are not subject to review in habeas corpus. Respondent also submitted with his response the transcript on appeal, the brief of appellant (petitioner herein) on direct appeal, the brief of appellant (petitioner herein) on appeal from the denial of his 27.26 motion and the opinion of the Missouri Supreme Court in the latter instance and other relevant materials.

At the express invitation of the Court, petitioner filed his traverse to the response on July 20, 1970. Therein, he admitted the "genuineness and accuracy of the documents attached to respondent's response" and reasserted his general claim that the search incident to arrest was unlawful because probable cause for his arrest was lacking and that, therefore, under the exclusionary rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, the fruits of the allegedly unlawful search should not have been admitted in evidence against him.

■ It appears that petitioner has exhausted his currently available state remedies. On his direct appeal from his conviction, petitioner assigned as error in the Missouri Supreme Court "the action of the trial court in overruling his motion to suppress evidence obtained as the result of an illegal search * * *." 436 S.W.2d at 2. On that appeal, the Missouri Supreme Court considered the facts which had been reliably found by the state trial court in the hearing therein on the motion to suppress. Subsequently, his motion to vacate under Missouri Criminal Rule 27.26 was overruled without a hearing, and, on appeal of the decision to the Missouri Supreme Court, that court noted that:

"Appellant's contentions of unlawful arrest, probable cause, and illegal search and seizure were heard by the trial court on the motion to suppress, and appellant was given the opportunity at that time to produce all the witnesses and evidence that he, advised by competent counsel, cared to produce. Appealing the jury conviction on those grounds, and again represented by competent counsel, this court sustained the ruling of the trial court and specifically found against appellant on the issues of probable cause, unlawful arrest, and illegal search and seizure. Thus, the very issues decided in State v. Caffey, [436 S.W.2d 1], have been restated in appellant's motion under Criminal Rule 27.26, V.A.M.R." 454 S.W.2d at 519.

In White v. Swenson (W.D.Mo. en banc) 261 F.Supp. 42, 63, it was pertinently stated as follows:

"When a State convict has litigated in the trial court and presented on direct appeal the precise claim of violation of Federal rights presented in Federal Habeas Corpus and the Supreme Court of Missouri on direct appeal has denied relief on the precise point, the State remedy is exhausted, provided the point is precisely the same and all relevant evidence is in the State court record."

That standard is met in the case at bar. Petitioner was given a full opportunity to present his witnesses in the hearing on the motion to suppress in the state trial court and he availed himself of the opportunity.[1] He failed to state or show on his subsequent 27.26 motion that other evidence was material. The hearing was fairly conducted and the facts reliably found by the transcript of the hearing in the state trial court. Current federal standards were enunciated and applied by the Missouri Supreme Court in accordance with the rules of the trilogy of Sanders v. United States, supra; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770. Since this Court may rely on the record of a full and fair hearing in the state trial court and may rely on facts reliably found after such a hearing, while the power exists to find proven facts not found by the state courts, it is not necessary for this Court to grant a new hearing. Meller v. Swenson (W.D.Mo.) 309 F.Supp. 519. Although petitioner requested to offer additional witnesses in his behalf on his motion to vacate under Missouri Criminal Rule 27.26, these witnesses were not heard by the state trial court because they were allegedly available to petitioner at the time of his trial and thus did not constitute "newly discovered evidence" within the meaning of the trilogy and White v. Swenson, supra. In the case at bar, petitioner does not request to offer any additional evidence, which in any case should initially be heard by the state trial court (White v. Swenson, supra) and relies wholly upon the state court records. As required by Townsend v. Sain, supra, petitioner has thus obtained in the state courts a full and fair evidentiary hearing wherein the facts were reliably found and federal constitutional principles enunciated and applied.

The facts as found by the Missouri Supreme Court are accurately reported in the official report of petitioner's direct appeal, State v. Caffey, Mo., 436 S.W.2d at 2, as follows:

"At approximately 12:30 a. m. on the morning of October 27, 1965, Officers Donald Eskew and Douglas Rookstool, while on a routine patrol observed three persons, two women and one man, in a laundromat at the intersection of Grant and High Streets in Springfield, Missouri, and a car containing one man parked in front of the laundromat. They circled the block and as they passed the laundromat the second time, Officer Rookstool saw that the front of a cigarette vending machine in the laundromat had been removed. The car which had been in front of the laundromat was moving away with four people in it. The car was stopped across the intersection from the laundromat where its occupants, defendant, two women and another man, were detained by Officer Rookstool until Sgt. Jack L. Snodgrass arrived. Officer Eskew walked back to the laundromat, looked in through a window and verified Officer Rookstool's observation that the front was missing from the cigarette machine. When Sgt. Snodgrass arrived he placed defendant and his three companions under arrest for breaking into the cigarette machine and stealing its contents. The defend-

---

[1]. Petitioner presented as his witnesses in the hearing on the motion to suppress the arresting officers—Donald Eskew, Douglas Rookstool and Jack L. Snodgrass.

ant was then searched and the articles in question—lock, picks, files, tension bars and several other pieces of metal —were taken from his pockets."

In the petition in this case, as in the state trial court and the Missouri Supreme Court, petitioner contends that the above facts show that the arrest and search were illegal because the officers had neither a search warrant nor a warrant for defendant's arrest, that they knew of no recent offenses which had been committed by petitioner and that no offenses were committed in their presence. The question therefore is whether the arresting officers had probable cause to arrest petitioner and to make a search incident to the arrest. Petitioner makes no contentions concerning the reasonableness or scope of the search otherwise. Generally, warrantless searches, such as that which is alleged in this case, are unreasonable under the Fourth Amendment to the United States Constitution unless the search is within an exception to the warrant requirement. Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930; See v. City of Seattle, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943; Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856; Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514. One exception is a search incident to a lawful arrest. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, and cases therein cited. The arrest must be lawful under the authority giving the officer power to arrest (United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210) and it must be based upon "probable cause." Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917.

■ The first question presented is thus whether the arrest of defendant was valid in the circumstances noted above. On this issue, it must be concluded that there is no question of the legality of the arrest under state law. The Missouri Supreme Court, which is the court of last resort in interpreting and construing state law, has ruled the arrest valid under Missouri law. The question for this Court is whether current federal standards were complied with.

The basic federal standard which must be applied in this case is that "[p]robable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." Henry v. United States, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134, 138. In the recent decision of the United States Supreme Court in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (June 22, 1970), it was held that probable cause for arrest of the accused existed when two teen-agers, who had earlier noticed a blue compact station wagon circling the block in the vicinity of a Gulf station, saw the station wagon speed away from a parking lot close to the Gulf station, at about the same time learned that the station personnel had been robbed and reported to police that four men were in the station wagon and that one was wearing a green sweater and another a trench coat.

The findings reliably made in this case by the state trial court, and independently shown in the transcript of the hearing on the motion to suppress in the state trial court, show at least as strong a case of probable cause as in Chambers v. Maroney, *supra*. In addition to the facts reported by the Missouri Supreme Court, as noted above, the transcript of the hearing on the motion to suppress in state trial court shows that Sergeant Snodgrass testified that, upon arriving on the scene to arrest petitioner, he recognized petitioner and was familiar with petitioner's reputation as a burglar.[2]

2. Petitioner contends that the fact that Sgt. Snodgrass testified in the hearing that he was aware of petitioner's reputation as a burglar when he arrested him cannot be

(Tr. 125–129) Further, in the case at bar, the arresting officers had as much cause to believe that the offense had been committed and that petitioner had committed the offense as did the teen-agers who provided the information to the police officers in Chambers v. Maroney, *supra*.

This case is distinguishable from Henry v. United States, *supra*, and Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688, insofar as it was found in those cases that probable cause to make the arrest did not exist. In *Henry*, there was nothing to connect the petitioner's loading packages in an alley with any unlawful act. In this case, the arresting officers clearly observed that a cigarette vending machine had been broken into. In *Rios*, the arrest took place on suspicion, when the arresting officers saw the petitioner "look up and down the street, walk across the lot, and get into the cab" in a neighborhood which had a reputation for "narcotics activity." 80 S.Ct. at 1433, 4 L.Ed.2d at 1690. Those facts are not similar to the case at bar, in which the officers had probable cause from personal observation that a crime had been committed and had probable cause to believe that the crime was committed by petitioner, among others. In this case, there were circumstances which warranted a reason-

able man in believing that the petitioner was guilty of burglarizing a vending machine and had probable cause to make the arrest and to conduct the search of petitioner's person. Cf. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Gullett v. United States (C.A. 8) 387 F.2d 307; United States v. Ball (C.A.6) 381 F.2d 702; United States v. Wrieole (C.A.3) 379 F.2d 394. In this case, the arrest and search were valid when examined under state law and in the light of current federal standards. Cf. United States v. Bonds (C.A.8) 422 F.2d 660. See and compare Sibron v. New York, *supra*. In this case, probable cause to believe that the persons in the car in which petitioner was arrested had burglarized the vending machine was relatively pronounced because the three persons seen in the laundromat were the *only* persons in the laundromat at the time. Further, the facts reliably found by the state court and in the record of the state court hearing show that the scope of the search did not exceed the limits defined in Chimel v. California, *supra*.

■ The authorities relied on by petitioner, in the light of the applicable standards, do not offer persuasive support in favor of granting him relief in habeas corpus.[3] Petitioner contends

---

considered in determining whether there was in fact probable cause to arrest petitioner. The rule in this regard is that, while reputation cannot provide probable cause in and of itself, it may be considered with other facts and circumstances tending to show that the arrested person committed the offense. Vincent v. United States (C.A.8) 337 F.2d 891. Recently, in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, the Supreme Court of the United States held that knowledge of an arrested person's being a "gambler and an associate of gamblers" was "but a bald and unilluminating assertion of suspicion that is entitled to no weight in appraising the magistrate's decision." 89 S.Ct. at 588. A similar holding was involved in the recent decision of this Court in White v. Swenson (W.D. Mo.) 301 F.Supp. 447, 465. But those were cases wherein the other facts and

circumstances, exclusive of the knowledge of bad reputation, did not tend to show the commission of any crime by the arrestee. Further, in the case at bar, even in the absence of the knowledge of petitioner's reputation in the Springfield Police Department as a burglar, the arresting officers still would have had probable cause for the arrest of petitioner.

3. In his Rule 27.26 motion, on the issue of "probable cause and statutory authority," petitioner, in addition to the authorities relied on in his brief in the Missouri Supreme Court and the petition in this case, cites Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782; Staples v. United States (C.A.5) 320 F.2d 817;

that he was arrested for an offense other than that for which he was later tried and convicted and that, therefore, the arresting officers could not have had probable cause to arrest him. In support of this contention, the record shows that Sergeant Snodgrass informed petitioner that he was under arrest for breaking into the vending machine and that petitioner was later convicted of possession of burglary tools. In this respect, the controlling standard is stated in Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142, as follows:

> "Whether that arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." 85 S.Ct. at 225.

Under this rule, the arrested person need not be guilty of the offense for which an arresting officer may have probable cause to believe was committed. See Brinegar v. United States, *supra;* Mueller v. Powell (C.A.8) 203 F.2d 797. If the facts and circumstances known by the officer at the time of the arrest are sufficient to justify an arrest for a particular offense, the arrest is constitutionally valid and lawful although the officer actually makes the arrest ostensibly for another offense not shown by the facts. Klinger v. United States (C.A.8) 409 F.2d 299. Petitioner's contention in this regard is therefore without merit.

All of petitioner's contentions of the illegality of the search and seizure conducted incident to his lawful arrest and of the inadmissibility of the evidence thereby obtained are without merit. His

and Winkle v. Kropp (E.D.Mich.) 279 F. Supp. 532, vac. 403 F.2d 661, cert. den. 394 U.S. 1003, 89 S.Ct. 1600, 22 L.Ed.

petition for habeas corpus must therefore be denied.

It is therefore

Ordered that the petition herein for habeas corpus be, and it is hereby, denied.

2d 781, reh. den. 395 U.S. 941, 89 S.Ct. 2002, 23 L.Ed.2d 459. But none of these cases are of aid to petitioner in this case.