Jack Virgil CAFFEY, Appellant,

v.

Harold R. SWENSON, Warden, Missouri
State Penitentiary, Jefferson City,
Missouri, Appellee.

No. 20553.

United States Court of Appeals,
Eighth Circuit.

March 31, 1971.

Jack Virgil Caffey, pro se.

John C. Danforth, Atty. Gen., and
Kenneth M. Romines, Asst. Atty. Gen.,
for appellee.

Before MATTHES, Chief Judge, and
VAN OOSTERHOUT and LAY, Circuit
Judges.

PER CURIAM.

This appeal is taken from an order, 318
F.Supp. 704, of the United States Dis-
trict Court for the Western District of
Missouri denying appellant's petition for
a writ of habeas corpus under 28 U.S.C.
§ 2254. A certificate of probable cause
to appeal was granted by the district
court.

Appellant was found guilty by a jury
in the Circuit Court of Greene County,
Missouri, of possession of burglary tools.
Section 560.115 RSMo 1959, V.A.M.S.
Upon a finding of a prior felony convic-
tion by the court, appellant was sentenced
to 3 years in the custody of the Depart-
ment of Corrections. Sections 560.115,
556.280 RSMo 1959, V.A.M.S. The judg-
ment of conviction was affirmed on ap-
peal by the Missouri Supreme Court.
State v. Caffey, 436 S.W.2d 1 (Mo.1969).
A subsequent motion to vacate the judg-
ment of conviction and sentence under
Missouri Supreme Court Rule 27.26, V.A.
M.R., was denied by the state circuit
court, and the denial was affirmed on ap-
peal. Caffey v. State, 454 S.W.2d 518
(Mo.1970).

Appellant sought habeas relief in the
district court on the ground that the bur-
glary tools which formed the basis of his
conviction should not have been admitted
into evidence at his trial, asserting they
were seized in a search that was unlawful
because incident to an arrest made with-
out probable cause. The identical conten-
tion was determined adversely to appel-
lant by the Missouri Supreme Court in
both the direct appeal from his judgment
of conviction and in the appeal from de-
nial of his Rule 27.26 motion.

The district court independently re-
viewed the facts which were adduced in
the state court hearing on appellant's pre-
trial motion to suppress the burglary
tools from evidence, and also approved
the facts as found by the Missouri Su-
preme Court in State v. Caffey, 436 S.W.
2d 1 (Mo.1969). In two detailed and ex-
haustive orders denying habeas relief,
the district court concluded that the ar-
rest was made with probable cause and
that the search incident to the arrest was
lawful.

Appellant contends that the record does
not support the district court's finding of
probable cause for arrest and that the
court did not properly apply federal
standards in reaching its conclusion. We
find no merit to these contentions.

Upon a careful examination of the rec-
ord we are convinced that the district
court properly denied the petition for
habeas relief. Accordingly, we affirm on
the basis of the district court's well-rea-
soned orders denying the petition for
habeas corpus and the motion for rehear-
ing of that petition.