PEOPLE v. MONROE.

1. SEARCHES AND SEIZURES—REASONABLENESS OF SEARCH ON CITY STREET.

Whether search of defendant, owner and passenger of automobile, on city street after being stopped for excessive speeding at 9:15 p.m. late in August, was reasonable, need not be determined, since it was outside the curtilage (Const 1908, art 2, § 10, as amended; Const 1963, art 1, § 11).

2. SAME—WITHOUT WARRANT—POSSESSION OF MARIJUANA.

The police officers' search in precinct garage of a car whose owner and occupants were in custody after having been arrested on city street for excessive speeding and for illegal possession of marijuana, would be unreasonable, where made without a warrant, if question as to reasonableness were to be determined (Const 1908, art 2, § 10, as amended; Const 1963, art 1, § 11; CLS 1961, § 335.153).

3. CRIMINAL LAW—POSSESSION OF MARIJUANA—SEARCH AND SEIZURE —EVIDENCE—CONSTITUTIONAL LAW.

Defendant passenger and owner of automobile was not prejudiced in jury trial by reason of admission in evidence against him in prosecution for possession of marijuana, as permissible in search and seizure clause of State Constitution, where search took place outside the curtilage of a dwelling house, whether or not the search was reasonable (Const 1908, art 2, § 10, as amended in 1952; Const 1963, art 1, § 11; CLS 1961, § 335-.153).

4. SAME—SEARCH AND SEIZURE—WITHOUT WARRANT—UNREASONABLENESS.

Marijuana taken in search without warrant by police officers of defendant's automobile elsewhere than at his curtilage after

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 47 Am Jur, Searches and Seizures §§ 52, 66.
[3] 47 Am Jur, Searches and Seizures §§ 8, 12, 13.
[4] 47 Am Jur, Searches and Seizures § 66.
   20 Am Jur, Evidence §§ 394, 395.
[5] 4 Am Jur 2d, Appeal and Error § 537.
   5 Am Jur 2d. Appeal and Error § 817.
[6] 4 Am Jur 2d, Appeal and Error §§ 539, 541, 542.

the car was stopped for a traffic violation would be held to be unreasonable, where record shows no need for search without a warrant, and the car and its occupants were both in custody at the time the search was made, except that the search and seizure clause of the State Constitution renders the fruits of the search admissible, regardless of the reasonableness of the search, as to narcotics (Const 1908, art 2, § 10, as amended in 1952; Const 1963, art 1, § 11; CLS 1961, § 335.153).

5. APPEAL AND ERROR—REQUEST TO CHARGE—INSTRUCTIONS.
Refusal to give requested instruction which was only partially correct was not reversible error, where subject matter of the requested instruction was adequately covered by other instructions given by the trial court.

6. SAME—TRIALS—FINAL ARGUMENT—INFLAMMATORY AND PREJUDICIAL REMARKS—REFERENCE TO SALE OF MARIJUANA.
Prejudicially reversible error in prosecution for possession of marijuana *held*, not to appear from remarks of the prosecuting attorney during his summation to the jury referring to potential use and sale of a quantity of marijuana, where defendant was not charged with *sale*, since the remarks were a proper inference under established facts and the court instructed immediately that defendant was not charged with the sale of narcotics (CLS 1961, § 335.153).

Appeal from Recorder's Court; Skillman (W. McKay), J. Submitted Division 1 March 2, 1966, at Detroit. (Docket No. 68.) Decided April 26, 1966. Rehearing denied June 13, 1966. Leave to appeal denied by Supreme Court October 8, 1966. See 378 Mich 734.

Clyde Monroe was convicted of possession of narcotics without a license. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *James E. Lacey,* Assistant Prosecuting Attorney, for the people.

*Goodman, Crockett, Eden, Robb and Philo (Albert Best,* of counsel), for defendant.

QUINN, J. Defendant was convicted of and sentenced for possession of marijuana in violation of CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123). In this appeal he seeks review of the validity of the search and seizure, the admissibility of the evidence seized, the propriety of the trial court's refusal to give a requested instruction on the weight to be given police officers' testimony, and the conduct of the prosecuting attorney in his summation to the jury.

August 27, 1963, about 9:15 p.m., 4 Detroit policemen were patrolling south on Linwood in a security car in the vicinity of Hazelwood and Linwood streets in Detroit. At that intersection, they observed a 1956 Buick parked at the northwest corner. The police car turned right at the next corner and turned right again into an alley that ran back to Hazelwood. As the police approached the intersection of the alley and Hazelwood, the same Buick passed by on Hazelwood at an estimated speed of 30–35 miles per hour. Due to the congested nature of the area, this speed appeared excessive, and the police pursued the Buick and stopped it before reaching the next cross street. Although defendant was a passenger in the front seat, he was the owner of the car. Notwithstanding that it is disputed, the record sustains a finding that the occupants of the Buick voluntarily got out of it when it was stopped. On the street, at the feet of one of the occupants, but not defendant, an officer found a tinfoil package containing material the officer believed to be marijuana. Later tests established this as a fact. All occupants of the Buick were arrested for possession of narcotics and the Buick was impounded. At the precinct garage, a further search of the Buick disclosed a tin container of marijuana under the right front seat (where defendant had been sitting) and a paper bag in the trunk that also contained particles of mari-

juana. The former was admitted at trial as exhibit 1, and the latter as exhibit 2. The later search of the Buick was without a search warrant.

In view of Const 1908, art 2, § 10, as amended[1] (readopted as Const 1963, art 1, § 11), as interpreted by *People* v. *Winkle* (1960), 358 Mich 551,[2] it is unnecessary to decide whether the search was reasonable or unreasonable. In either case, exhibits 1 and 2 were admissible. It is observed, however, that if the question of reasonableness of the search of the Buick had to be decided, we would hold the search unreasonable because there is nothing in the record to show the need for search without a warrant. The car and its occupants were both in custody at the time the search was made.

On the strength of *People* v. *Utter* (1921), 217 Mich 74, defendant requested the following instructions:

"The fact that a witness is a police officer does not mean that his testimony should be given any greater weight than that of any other witness. The jury has the duty of determining his credibility and what parts of his testimony they are willing to believe, and his testimony is to be evaluated by the same standards as that of any other witness."

"You are instructed that in weighing the testimony of the witnesses termed as detectives in this case, you should scrutinize their testimony with great care and caution, as they are hired witnesses and under pay, and, after so considering their testimony, give it just as much weight as you believe it to be entitled to in view of all the circumstances surrounding the case."

---

[1] Narcotics was listed among articles admissible in evidence where taken in a search without a warrant outside the curtilage, by the amendment adopted in November, 1952.—REPORTER.

[2] *In re Winkle* (1964), 372 Mich 292, has not been ignored, but it contains no controlling language adopted by a majority of the Court.

This was refused and properly so. *Utter* is not authority for the necessity of the requested charge in this case. While the first paragraph of the request is proper and perhaps should have been given, it was not reversible error not to give it. The jury had observed the inconsistencies in the testimony of the police officers. The court instructed:

"You have seen the witnesses upon the stand and you have heard them testify, and it is for you to say which witness if any has testified falsely. If you find any witness has testified falsely as to any material fact, by that I mean any fact that is material to the issues in this case, you have a right to disregard that testimony or to believe such portions of it as you think you are entitled to believe."

This was sufficient on the record before us.

Finally, the defendant claims the conduct of the prosecuting attorney during his summation was such that reversible error was committed. This claim is based on the following remark in the prosecuting attorney's final argument:

"And I might say this too in that respect, 507.71 grains of marijuana, bulk marijuana, is worth a little money. And nobody is going to let that lie around. Someone is going to possess it, and they are going to use it or they are going to sell it."

Defendant objected to the remark as inflammatory and prejudicial, stating, "My client is not charged with sale." No prejudicially reversible error appears. The inference made by the prosecuting attorney was a proper inference under established facts and the court instructed immediately that defendant was not charged with the sale of narcotics.

Affirmed.

McGREGOR, P. J., and HOLBROOK, J., concurred.