## PEOPLE v. DILLON.

CRIMINAL LAW—POSSESSION OF NARCOTICS—LAWFULNESS OF ARREST —SEARCHES AND SEIZURES—REASONABLENESS—EVIDENCE—CONSTITUTIONAL LAW.

Defendant's conviction of the illegal possession of narcotics *held*, proper, regardless of the validity of defendant's arrest and the reasonableness of the officer's search which resulted in the seizure of narcotics from defendant, where such search and seizure took place outside the curtilage of a dwelling house, since under the provisions of the State Constitution, the evidence so seized was admissible in evidence against defendant even if the search and seizure were unreasonable (Const 1963, art 1, § 11; CLS 1961, § 335.153).

Appeal from Oakland; Beer (William John), J. Submitted Division 2 April 4, 1967, at Lansing. (Docket No. 784.) Decided June 27, 1967.

REFERENCES FOR POINTS IN HEADNOTE

29 Am Jur 2d, Evidence § 411 *et seq.*
Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure. 50 ALR2d 531.

Hugh R. Dillon was convicted of the illegal possession of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney and *Patrick H. Oliver,* for the people.

*Barry K. Branch,* for defendant.

QUINN, P. J.    July 21, 1964, defendant was convicted by jury of possession of narcotics contrary to CLS 1961, § 335.153 (Stat Ann 1957 Rev § 18.1123), and he was sentenced to prison July 31, 1964, for a term of 1 to 10 years. His appeal contests the propriety of the denial of his motion to suppress evidence of narcotics taken from his person at the time of his arrest without a warrant therefor and without a search warrant, and the admission of such evidence at trial.

*People* v. *Monroe* (1966), 3 Mich App 165, requires affirmance and obviates discussion of the lawfulness of defendant's arrest.

Affirmed.

McGREGOR and A. C. MILLER, JJ., concurred.