PEOPLE v. GOLIDAY

1. CONSTITUTIONAL LAW—SEARCHES AND SEIZURES—EVIDENCE.

The provision of the Michigan Constitution allowing in evidence in any criminal proceeding any narcotic drug, firearm, bomb, or explosive, or any other dangerous weapon seized outside the curtilage of any dwelling house does not conflict with the United States Constitution provision on searches and seizures (US Const, Am 4; Const 1963, Art 1, § 11).

2. SEARCHES AND SEIZURES—EVIDENCE—CRIMINAL LAW.

A .22-caliber rifle altered for use as a pistol and a knife obtained in a search of an automobile are admissible in evidence under the search and seizure clause of the Michigan Constitution (Const 1963, Art 1, § 11).

Appeal from Muskegon, Albert J. Engel, J. Submitted Division 3 June 5, 1969, at Grand Rapids. (Docket No. 5,708.) Decided July 28, 1969. Application for leave to appeal filed August 18, 1969.

Thomas Goliday, Jr., was convicted of carrying a concealed weapon in a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *Noel G. Petersen,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1]  47 Am Jur, Searches and Seizures §§ 6–8, 12, 13.
[2]  47 Am Jur, Searches and Seizures §§ 8, 18.

*Marcus, McCroskey, Libner, Reamon, Williams &
Dilley* (*Darryl R. Cochrane,* of counsel), for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and
V. J. BRENNAN, JJ.

PER CURIAM. Defendant was convicted of carrying a dangerous weapon in a motor vehicle contrary to MCLA § 750.227 (Stat Ann 1962 Rev § 28-.424).

Defendant was a passenger in an automobile driven by John H. Merryweather. The car first came to the attention of the police officers because of its failure to have its lights on. When the police officer flicked the lights to inform Merryweather that his lights were out, Merryweather made a sharp turn and proceeded in the wrong direction on a one-way street. The police officers pursued the car and after several violations pulled the Merryweather car over to the curb for reckless driving. One of the police officers noticed the defendant bend over in an action that appeared to the police officer to indicate that the defendant was hiding an object under the seat. Merryweather was 35 years of age and his two passengers were 18 years of age. The police officers searched the car looking for alcoholic beverages as they thought the minors might be in possession of alcoholic beverages, but discovered a knife and a .22 calibre rifle reconstructed in such a fashion that it could be used as a pistol. Later, bullets were found on the person of the defendant. Defendant moved in the trial court to suppress the evidence seized as fruits of an unlawful search and seizure.

On appeal defendant claims that Const 1963, art 1, § 11 violates US Const, Am 4. Const 1963, art 1, § 11 reads:

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation. *The provisions of this section shall not be construed to bar from evidence in any criminal proceeding any narcotic drug, firearm, bomb, explosive or any other dangerous weapon, seized by a peace officer outside the curtilage of any dwelling house in this state.*" (Emphasis supplied.)

This Court has already ruled that the provision of the Michigan Constitution of 1963 does not conflict with Amendment 4 of the United States Constitution. *People* v. *Van Landingham* (1967), 6 Mich App 128.

Affirmed.