**Joseph J. RICCARDI, Petitioner-Appellee,**

**v.**

**E. P. PERINI, Respondent-Appellant.**

**No. 19095.**

United States Court of Appeals
Sixth Circuit.

Oct. 24, 1969.

Stephen M. Miller, Asst. Atty. Gen., William B. Saxbe, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, on brief for appellant.

Nicki Schwartz (Court Appointed), Cleveland, Ohio, for appelleee.

Before PHILLIPS, Chief Judge COMBS, Circuit Juge, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by the State of Ohio on behalf of E. P. Perini, superintendent of Marion Correctional Institution, respondent-appellant, from an order of the United States District Court for the Northern District of Ohio granting a writ of habeas corpus to Joseph J. Riccardi, petitioner-appellee. Riccardi was convicted in the Common Pleas Court of Cuyahoga County, Ohio in 1961 of the crime of burglary and sentenced to a term of one to fifteen years. He was paroled on this charge from the Marion Correctional Institution in January, 1968. He had exhausted his state remedies and his petition was properly before the District Court.

On September 4, 1961, at about 3:30 A.M., Patrolmen Carl Almgren and Thomas Planinc, while patrolling the Waterloo and Nottingham area in the city of Cleveland, observed the appellee in a 1954 Chrysler automobile going east on Lanken Avenue at a slow rate of speed. At this time the officers were in the vicinity of the Omar Bakery which had been the subject of safe jobs on the weekends of Easter and the Fourth of July preceding. The officers had instructions to keep the bakery under surveillance.

Being suspicious of Riccardi, the driver and sole occupant of the Chrysler car, the officers put on the red flasher of their police car and ordered Riccardi to stop and get out of his car. They patted him down for weapons but found none. Neither did they find anything by a search of the Chrysler car. While the officers were making this examination Riccardi appeared to be shaky and nervous and repeatedly said, "Give me a break, give me a break." He told the officers that he was a parolee. The officers recognized the address he gave as the place where he had been playing cards as non-existent. They then had him empty his pockets which revealed rolls of nickels and dimes, some bills and other coins and coin wrappers. The officers took possession of the contents of the appellee's pockets, handcuffed him and took him to the station.

At the time the appellee was stopped and arrested the officers did not know that any crime had been committed. The coins, wrappers and bills taken from the pockets of the appellee were subsequently used as evidence to convict the appellee of a burglary of the Park Manufacturing Company over the weekend of September 3rd and 4th. This is the conviction of which the appellee complains.

The appellee claims that the arrest and subsequent search were illegal and a violation of his constitutional right under the Fourth Amendment to be free from an unreasonable search and seizure. The district judge held that an arrest and search to be valid under the Fourth Amendment must be grounded on probable cause. He reasoned that since the officers did not know that any crime had been committed, the questionable circumstances and suspicious manner under which the appellee was arrested did not constitute probable cause for the arrest and search. We agree.

We find no merit to the State's claim that the appellee was barred from challenging the illegality of the search in the District Court for the reason that he had not filed a pretrial motion in the trial court to suppress the evidence. State v. Davis, 1 Ohio St.2d 28, 203 N.E.2d 357, requiring a pretrial motion

to suppress, decided some three years after the trial of this case is not applicable. Prior to that Ohio had no procedural practice requiring such a motion to suppress to be filed. A motion to suppress the evidence obtained by the search was made on behalf of the appellee at the trial. It was heard by the trial judge without the hearing of the jury and denied. We think this was sufficient to protect the appellee's constitutional right. See Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L. Ed.2d 408.

In our opinion the "stop and frisk" doctrine of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, is not applicable to the facts of this case. The Court said, page 30, 88 S.Ct. page 1884,

"Each case of this sort will, of course, have to be decided on its own facts."

In *Terry*, Police Detective McFadden had observed the defendant and a companion standing on a corner and alternately walk a short distance and look in a certain store. After seeing this repeated about a dozen times Detective McFadden became thoroughly suspicious and suspected Terry and his companion of "casing a job" for a hold up. He feared they might have a gun and considered it his duty to investigate. An external pat down of Terry and his companion revealed that they had guns. No gun was discovered by a similar pat down of a third man who had joined them. No exploratory search was made of any of the men. McFadden took the guns and arrested all three men. Terry and his original companion were convicted of carrying concealed weapons.

The Court held that this was a search within the terms of the Fourth Amendment, but under the facts and circumstances of the case,

"(A) reasonably prudent man would have been warranted in believing petitioner was armed and thus presented a threat to the officer's safety while he was investigating his suspicious behavior," p. 28, 88 S.Ct. p. 1883.

Thus the search was reasonable and justified.

■ In the case before us the police officers stopped the appellee on sight and patted him down for weapons—a search within the terms of the Fourth Amendment. At that point the officers did not know that the appellee was a parole violator or that a crime had been committed. Their suspicions were aroused because he was driving slowly at 3:00 A.M. in an area where burglaries had recently been committed. In Terry the Court said, p. 27, 88 S.Ct. p. 1883,

"And in determining whether the officer acted reasonably in such circumstances, due weight must be given, *not to his inchoate and unparticularized suspicion or 'hunch,'* but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." (Emphasis added.)

According to *Terry* a "stop and frisk" type of search must be justified from its inception. We do not think the officers had sufficient information to reasonably justify stopping the appellee and we are unwilling to extend the doctrine of *Terry* to cover the circumstances of such a case.

Barring a "stop and frisk" search on mere suspicion the officers, in order to support a lawful search, would have to have had, at the time they stopped the appellee, probable cause to believe that he had committed or was committing an offense. In Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 the Court said,

"The constitutional validity of the search in this case, then, must depend upon the constitutional validity of the petitioner's arrest. Whether that arrest was constitutionally valid depends in turn upon whether, *at the moment the arrest was made,* the officers had probable cause to make it—*whether at that moment the facts and circum-*

*stances within their knowledge and of which they had reasonably trustworthy information* were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." (Emphasis added).

That a valid search may be made incident to a lawful arrest see Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; United States v. Barnett, 407 F.2d 1114, 1118 (C.A. 6), cert. den., 395 U.S. 907, 89 S.Ct. 1748, 23 L.Ed.2d 219; United States v. Kucinich, 404 F.2d 262, 265 (C.A. 6).

 To validate a search incident to a lawful arrest there must be probable cause to make the arrest at the time the subject of the arrest is stopped or restrained of his liberty.

"Probable cause exists where 'the facts and circumstances within their (the officers') knowledge and of which they had reasonably truthworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879.

In *Brinegar*, supra, the Court said, p. 176, 69 S.Ct. p. 1311,

"The troublesome line posed by the facts in the Carroll (267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790) case and this case is one between mere suspicion and probable cause. That line necessarily must be drawn by an act of judgment formed in the light of the particular situation and with account taken of all the circumstances."

The Court held in both *Brinegar* and *Carroll* that, under the facts of those cases, the officers had sufficient infor-

mation at the time they stopped and searched the automobiles to constitute probable cause and justify the search.

DiMarco v. Greene, 6 Cir., 385 F.2d 556, a somewhat similar case, in which we sustained a search as incident to a lawful arrest, can be distinguished from the case at bar. In *DiMarco* the police officers, from information which they had, recognized DiMarco as a parole violator. They walked up to the automobile where he was seated and told him he was under arrest for parole violation. They then searched the automobile and found burglar tools which were the basis of his conviction.

In the case before us the officers did not know the appellee, had no prior information about him, did not know that he was on parole and had no knowledge that a crime had been committed. The facts and circumstances of the arrest and search are not in dispute and we are impelled to the conclusion, as was the district judge, that the stopping of the appellee was on mere suspicion without probable cause.

The judgment of the District Court is affirmed.