Carl CAVER, Petitioner,

v.

George A. KROPP, Warden, State Prison of Southern Michigan, Respondent.

Civ. A. No. 33418.

United States District Court
E. D. Michigan, S. D.

Nov. 10, 1969.

Rehearing Denied Dec. 31, 1969.

Milton R. Henry, Pontiac, Mich., for plaintiff.

Frank J. Kelley, Atty. Gen., J. Ronald Kaplansky, Asst. Atty. Gen., Lansing, Mich., for defendant.

## OPINION AND ORDER

THEODORE LEVIN, District Judge.

This is a petition for a writ of habeas corpus. Petitioner was convicted in The Recorder's Court of the City of Detroit of violating the state narcotics laws, and was sentenced on August 22, 1967 to ten (10) to twenty (20) years' imprisonment in the State Prison of Michigan, Southern Division, at Jackson, Michigan. Petitioner alleges that his current detention is constitutionally defective, insofar as evidence used to convict him was received over his objection, in violation of the Fourth Amendment of the Constitution of the United States.

On October 28, 1966 at 11:30 A.M., petitioner and a friend were sitting in a parked car in the northwest section of Detroit, Sergeant Widner and Officer Maisano were on patrol cruising in the area. Sergeant Widner testified that "we pulled alongside of a car and I noticed that the defendant [petitioner], the driver, had a scar on his cheek and that he fitted the description of a subject that we were seeking for an assault and attempted rape that happened the day previous". Petitioner was asked to produce the registration for the car and was unable to do so. He was asked to step out of the car and was placed under arrest.

Sergeant Widner was unable to recall if he informed the petitioner that he was under arrest for attempted rape. He did not ask petitioner about the offense. Following the arrest, the Sergeant searched petitioner and found five two-inch by three-inch envelopes and what appeared to him to be a large amount of money. The Sergeant testified that when he found the envelopes, petitioner became highly upset and started to stutter and stammer. In response to the Sergeant's question, petitioner told him that the envelopes contained "payroll checks." Sergeant Widner was able to tell that the envelope did not contain payroll checks. He opened an envelope and found heroin. While petitioner was arrested on suspicion of assault, attempted rape and attempted robbery, he was never brought to trial on these charges.

The Fourth Amendment provides that people shall be secure from unreasonable searches and seizures. In Mapp v. Ohio, 367 U.S. 643, 655, 81 S.Ct. 1684, 1691, 6 L.Ed.2d 1081 (1961), the Supreme Court of the United States held "that all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court." It has long been established that it is permissible to carry out a warrantless search incident to a lawful arrest. The scope of such a search extends to weapons, instruments which might assist the accused person in escaping, the fruits of the crime, the implements of the crime and evidence connected with the crime. Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145; Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964); Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). However, "a search which is reasonable at its inception may violate the Fourth Amendment by virtue of its intolerable intensity and scope. * * * The scope of the search must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible." Terry v. Ohio, 392 U.S. 1, 18, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968), and cases cited therein.

At the time the envelope was opened, petitioner was seated in the scout car and all of the envelopes in question were in the possession of the Sergeant. The envelopes were not transparent. The five envelopes contained a total of 308.6 grains of heroin or an average of approximately sixty-two (62) grains per envelope which is equivalent to approximately

one tablespoon per envelope. Sergeant Widner testified that he was "looking for any offensive weapon or incriminating articles that should be taken from the defendant [petitioner] before he had a chance to dispose of them." However, he testified that he could tell that there was no weapon in the envelope. He also testified that he was not looking for the fruits of the crime of attempted rape.

There is no reasonable connection between the charges which formed the basis for the arrest and the possible contents of the small envelopes. Terry v. Ohio, supra. Under these facts, petitioner's stuttering and stammering do not render an otherwise impermissible search reasonable. Riccardi v. Perini, 417 F.2d 645 (6th Cir. October 24, 1969).

Since it is not claimed that the officer had intended to open the envelope to search for weapons or for instruments which might enable the petitioner to effect an escape, or for the fruits or evidence of the crime for which he was arrested, the officer had no right to do so unless, independently of the arrest, he had such right. To state the question differently: When the officer discovered the sealed envelope, did he have reasonable grounds to believe that the possession of the envelope was itself a felony?

The envelope was not transparent and there was no trace of its contents on its outside. At the suppression hearing the officer did not claim that before he opened the envelope he thought it contained narcotics. In any event, it appears that before he opened the envelope the officer had at most a suspicion, not reasonable cause to believe, that it contained narcotics.

The officer apparently thought he had a right to open the envelope because, as he testified, "the duties of a police officer are to seize any offensive weapons or incriminating articles from a defendant before he has a chance to dispose of them." A police officer does not, however, have a right as an incident of an arrest to conduct a general search for incriminating articles. Terry v. Ohio,

supra. As an incident of an arrest, an officer may conduct a search only for weapons, instruments of escape and the fruits or evidence of the crime for which he is making the arrest.

The respondent relies on Peters v. New York, 392 U.S. 40, 48, 88 S.Ct. 1912, 20 L.Ed.2d 917 (1968). The search in *Peters* was incident to an arrest, which was based on suspicion of burglary. The officer "patted Peters down for weapons, and discovered a hard object in his pocket." The officer thought that the object might have been a knife. The object was an opaque container. It was opened and burglar's tools were found. The container may have contained a weapon and the relationship between an arrest based on suspicion of burglary and the container is clear. The Supreme Court noted that "Officer Lasky did not engage in an unrestrained and thorough-going examination of Peters and his personal effects."

█ In this case the officer did not believe that the envelope contained a weapon and he did not have the right to open the envelope. Accordingly, I hold that the search of the envelope was unreasonable.

The petitioner asserted his Federal constitutional claims in applications for leave to appeal, filed with the Michigan Court of Appeals and, after leave was denied by that Court, with the Michigan Supreme Court, which Court also denied leave. 381 Mich. 794 (1968). The orders denying leave did not state the reason for refusing appellate review of petitioner's conviction. Respondent does not contend that an independent adequate state ground supports the orders denying leave to appeal.

The respondent seeks to defend the validity of the petitioner's conviction on the basis of the exception in the Michigan Constitution for a seizure of weapons or narcotics outside the curtilage of a dwelling.

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and sei-

zures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation. The provisions of this section shall not be construed to bar from evidence in any criminal proceeding any narcotic drug, firearm, bomb, explosive or any other dangerous weapon, seized by a peace officer outside the curtilage of any dwelling house in this state." Mich.Const.1963, Art. 1, § 11, M.C.L.A.

In Mapp v. Ohio, supra, the United States Supreme Court held that the Fourth and Fourteenth Amendments preclude the admission in state courts of illegally seized evidence.

The Michigan Supreme Court has consistently refrained from deciding whether *Mapp* supersedes the exception in the Michigan Constitution for certain seizures outside the curtilage of a dwelling. See People v. Blessing, 378 Mich. 51, 142 N.W.2d 709 (1966), cert. denied 387 U.S. 914, 87 S.Ct. 1692, 18 L.Ed.2d 637; In re Winkle, 372 Mich. 292, 125 N.W.2d 875 (1964), cert. denied 379 U.S. 645, 85 S.Ct. 611, 13 L.Ed.2d 551, rehearing denied 380 U.S. 967, 85 S.Ct. 1102, 14 L.Ed.2d 157. People v. Harper, 365 Mich. 494, 113 N.W.2d 808 (1962).

The Michigan Court of Appeals has in several cases held or implied that the exception is valid. See People v. Monroe, 3 Mich.App. 165, 141 N.W.2d 679 (1966); People v. Vanlandingham, 6 Mich.App. 128, 148 N.W.2d 523 (1967); People v. Dillon, 7 Mich.App. 256, 151 N.W.2d 365 (1967); People v. Goliday, 18 Mich.App. 336, 171 N.W.2d 25 (1969).

Article VI, § 2 of the Constitution of the United States provides that:

"This Constitution * * * shall be the supreme law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

Article 1, § 11 of the Michigan Constitution "collides directly with the teaching of *Mapp*." Winkle v. Kropp, 279 F. Supp. 532 (E.D.Mich.1968), rev'd on other grounds, 403 F.2d 661 (6th Cir. 1968). Judge Keith of this Court, in the unreported opinion of Lucas v. People, No. 31412 (E.D.Mich. Oct. 4, 1968), adopted the reasoning of Winkle v. Kropp, supra.

■ In light of *Mapp* and the Supremacy Clause, the third sentence of Article 1, § 11 of the Michigan Constitution is unconstitutional.

Accordingly, the petitioner is being held in violation of his Federal constitutional guarantees, and shall be discharged from custody unless an order is entered within fifteen days by an appropriate state court, granting him a new trial, and unless he is retried within forty days from the date thereof. At the new trial the heroin seized from his person shall not be admitted in evidence.

### MOTION FOR REHEARING

On November 10, 1969, this Court issued an order granting petitioner's petition for a writ of habeas corpus. Subsequently, respondent moved for a rehearing.

Each of the matters raised in respondent's motion and brief were considered in ruling on the petition for a writ of habeas corpus. The Court was well aware that the facts in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and in Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), are distinguishable from the facts of this case. However, the standards set forth in *Terry* and *Warden* are applicable to the facts in this case. The facts which respondent contends were sufficient to create probable cause to open the envelope were considered in the determination that probable cause did not exist.

■ Even if there were probable cause to believe that the envelopes contained narcotics, petitioner was under arrest and the envelopes were in the possession of the police officers. There was no danger that the contents of the envelopes would be used to effectuate an escape or that evidence would be destroyed. Under these circumstances, the

police officers should have secured a search warrant prior to opening the sealed envelopes. Colosimo v. Perini, 415 F.2d 804 (6th Cir. 1969), therefore,

It is hereby ordered that the motion for rehearing be, and the same hereby is denied.