Johnnie LUCAS and Chester Sturgis,
Plaintiffs-Appellees,

v.

PEOPLE OF the STATE OF MICHIGAN,
Respondents-Appellants.

No. 19198.

United States Court of Appeals
Sixth Circuit.

Jan. 5, 1970.

Stewart H. Freeman, Lansing, Mich., for appellants; Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., James J. Wood, Asst. Atty. Gen., Lansing, Mich., on brief.

Samuel J. Posner, Detroit, Mich., for appellees.

Before PHILLIPS, Chief Judge, and CELEBREZZE and McCREE, Circuit Judges.

PHILLIPS, Chief Judge.

This is a habeas corpus case presenting the primary issue of whether there is a conflict between the Fourth Amendment to the Constitution of the United States, as construed in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, and the last sentence of Article 1, § 11 of the Michigan Constitution of 1963, which is as follows:

"Searches and seizures. Sec. 11. The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation. The provisions of this section shall not be construed to bar from evidence in any criminal proceeding any narcotic drug, firearm, bomb, explosive or any other dangerous weapon, seized by a peace officer outside the curtilage of any dwelling house in this state."

The State of Michigan appeals from an order of the District Court granting a writ of habeas corpus.

The Recorder's Court of the City of Detroit found appellees guilty of carrying a pistol in a motor vehicle without a license and on November 1, 1967, sentenced them to state prison for a term of from two to five years. A claim of appeal was filed with the Michigan Court of Appeals, but no further action has been taken to perfect the appeal.

The Recorder's Court, sitting without a jury, found that the search and seizure of certain weapons in the automobile in which appellees were traveling was unreasonable and unlawful, but over the objection of appellees admitted the weapons in evidence by authority of the above quoted provision of the Michigan constitution.

A motion to suppress the evidence was denied by the Recorder's Court. In admitting the weapons into evidence, the Court said:

"* * * the Court specifically finds that the search and seizure in this case was unreasonable and unlawful. However, the Court will receive in evidence Exhibits 1, 2 and 3 under the provisions of Article 1, Section 11 of the Michigan Constitution."

A petition for writ of habeas corpus was filed with the United States District Court on June 25, 1968. In their petition appellees urged that the trial court improperly admitted evidence which had been discovered through an illegal search and seizure. The State moved to dismiss the petition on the ground that appellees had failed to exhaust their State court remedies. The District Court found that appellees had no effective remedy available in the State courts and denied the motion to dismiss. After an evidentiary hearing, District Judge Damon J. Keith found that the search was unreasonable and concluded that evidence discovered thereby was not admissible. Appellees were ordered released from custody unless a new trial is granted within 30 days. The State Attorney General filed a timely notice of appeal on behalf of the State.

We affirm.

The issues raised by this appeal are:

(1) Whether appellees have exhausted their State court remedies, or, if not, are they excused from doing so; and (2) whether Article 1, § 11 of the 1963 Michigan Constitution (Article 2, § 10 of the 1908 Constitution) is in conflict with the Fourth Amendment as interpreted by Mapp v. Ohio.

### 1) Exhaustion of Remedies

██ It is axiomatic that a petition for writ of habeas corpus by a person in State custody will not be granted unless State court remedies have been exhausted. 28 U.S.C. § 2254(b), (c).[1] The mere anticipation of an adverse decision will not excuse a failure to exhaust, nor will the lack of probability of success. See Boyd v. State of Oklahoma, 375 F.2d 481 (10th Cir.); Oliver v. State of California, 364 F.2d 311 (9th Cir.); United States ex rel. Touhy v. Ragen, 224 F.2d 611 (7th Cir.).

██ However, the exhaustion requirement is not absolute. See Coleman v. Maxwell, 351 F.2d 285 (6th Cir.); Saulsbury v. Green, 347 F.2d 828 (6th Cir.), cert. denied, 382 U.S. 882, 86 S.Ct. 173, 15 L.Ed.2d 122. Where there are circumstances rendering the State corrective process ineffective to protect a prisoner's rights, habeas corpus relief may be granted without requiring a futile exhaustion of remedies. Duke v. Wingo, 386 F.2d 304 (6th Cir.). Such circumstances were found to exist where the state court had ruled contrary to the petitioner's contentions, when there was no indication that the court was prepared to depart from its former course of decisions. Coleman v. Maxwell, supra, Rowe v. Peyton, 383 F.2d 709, 711 (4th Cir., sitting en banc), aff'd, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 420; Evans v. Cunningham, 335 F.2d 491 (4th Cir.). This court held in Coley v. Alvis, 381 F.2d 870 (6th Cir.), that where the State's highest court has construed its statute governing post-conviction relief so as to deny a prisoner an opportunity to raise constitutional issues, he may petition for habeas corpus without exhaustion of state remedies. There we said:

"Because of the narrow limits placed on the Ohio post-conviction statute, there is no longer any effective State remedy open to [the prisoner] to exhaust. [The State Court's] decision has rendered such process ineffective to protect the rights of [the prisoner.]" 381 F.2d at 872–73.

In the case at bar the procedure itself has not been restricted, i. e. the channels for relief in the State courts of Michigan are open. We are convinced, however, that the portal to constitutional adjudication and protection in the State courts is closed securely.

In a recent decision of the United States District Court for the Eastern District of Michigan, Caver v. Kropp, Warden, 306 F.Supp. 1329 (Decided November 10, 1969), District Judge Theodore Levin granted a writ of habeas corpus under facts somewhat similar to those involved on the present appeal. Judge Levin summarized the holdings of the Supreme Court of Michigan and the Michigan Court of Appeals in this area as follows:

"The Michigan Supreme Court has consistently refrained from deciding whether *Mapp* supersedes the exception in the Michigan Court for certain seizures outside the curtilage of a dwelling. See People v. Blessing, 378 Mich. 51, 142 N.W.2d 709 (1966), cert. denied 387 U.S. 914, 87 S.Ct. 1692, 18 L.Ed.2d 637; In re Winkle, 372 Mich. 292, 125 N.W.2d 875 (1964), cert. denied 379 U.S. 645, 85 S.Ct. 611, 13 L.Ed.2d 551, rehearing denied 380 U.S. 967, 85 S.Ct. 1102, 14 L.Ed.2d 157; People v. Harper, 365 Mich. 494, 113 N.W.2d 808 (1962).

"The Michigan Court of Appeals has in several cases held or implied that

---

1. 28 U.S.C. § 2254(b), (c) provides:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

the exception is valid. See People v. Monroe, 3 Mich.App. 165, 141 N.W. 2d 679 (1966); People v. Vanlandingham, 6 Mich.App. 128, 148 N.W.2d 523 (1967); People v. Dillon, 7 Mich. App. 256, 151 N.W.2d 365 (1967); People v. Goliday, 18 Mich.App. 336, 171 N.W.2d 25 (1969)."

See also concurring opinion of Levin, J., in People v. Barker, 18 Mich.App. 544, 549, 171 N.W.2d 574; and Winkle v. Kropp, 279 F.Supp. 532, 539, reversed on other grounds, 403 F.2d 661 (6th Cir.), cert. denied, 394 U.S. 1003, 89 S.Ct. 1600, 22 L.Ed.2d 781, rehearing denied 395 U.S. 941, 89 S.Ct. 2002, 23 L.Ed.2d 459.

In People v. Blessing, 378 Mich. 51, 142 N.W.2d 709, cert. denied, 387 U.S. 914, 87 S.Ct. 1692, 18 L.Ed.2d 637, one of the points argued, stated in the opinion of Mr. Justice Kelly, was:

"* * * that article 1, section 11, of the 1963 Michigan Constitution (article 2, § 10, 1908 Constitution), violated the Fourteenth Amendment to the United States Constitution as interpreted by the case of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081, 84 A.L.R.2d 933." 378 Mich. at 56, 142 N.W.2d at 710.

The dissenting opinion of Mr. Justice Souris pointed out that under Mapp v. Ohio, *supra,* the State courts must exclude from evidence items seized in violation of the Fourth Amendment prohibition. After quoting the Supremacy Clause, the dissenting opinion proceeded with this comment:

"The Fourth Amendment does not distinguish between items which are protected from unreasonable search and seizure and those which are not, and the State of Michigan has no unilateral power to modify that amendment. Hence, the provision of the 1908 Constitution and its counterpart provision in the 1963 Constitution, which in effect permit the admission into evidence over defendant's objection of certain items which are the fruits of unreasonable search and seizure, are invalid." 378 Mich. at 76, 142 N.W.2d at 718.

In People v. Goliday, 18 Mich.App. 336, 171 N.W.2d 25, the Michigan Court of Appeals said:

"This Court has already ruled that the provision of the Michigan Constitution of 1963 does not conflict with Amendment 4 of the United States Constitution. People v. Vanlandingham (1967), 6 Mich.App. 128, 148 N.W.2d 523." 18 Mich.App. at 338, 171 N.W.2d at 26.

█ We see no reason to believe that the Michigan Appellate Courts are prepared to depart from the import and effect of *Blessing, Goliday,* and other decisions cited above. It seems obvious that to require the appellees in the present case to exhaust their remedies in the State courts would be an exercise in futility. It appears more than probable that if this Court should relegate appellees to exhaustion of their State remedies, the appellate courts of Michigan would adhere to their previous interpretation of the State Constitution and appellees then would return to the federal courts for relief. Such a judicial runaround is not mandated by the statute (n. 1) providing for exhaustion of State remedies. We agree with the District Court that under the circumstances of the case no effective State remedy exists. We proceed to dispose of the appeal on its merits.

## 2) Search and Seizure

█ Under Mapp v. Ohio the Fourth Amendment is applicable in proceedings in State courts. Evidence obtained through an unreasonable search and seizure is inadmissible in State criminal prosecutions. Both the Recorder's Court of Detroit and the District Court in the present case, after separate evidentiary hearings, concluded that the search and seizure of weapons from appellees was unreasonable and unlawful. We find that this holding of the District Court is not clearly erroneous, Rule 52 (a), Fed.R.Civ.P., but to the contrary is supported by substantial evidence.

■ We hold that the last sentence of Article 1, § 11 of the Michigan Constitution of 1963 is in conflict with the Fourth Amendment to the Constitution of the United States as applied to the states in Mapp v. Ohio.

■ "When there is an unavoidable conflict between the Federal and a State Constitution, the Supremacy Clause of course controls." Reynolds v. Sims, 377 U.S. 533, 584, 84 S.Ct. 1362, 1393, 12 L.Ed.2d 506; Sudekum v. Hayes, 414 F.2d 41, 42 (6th Cir.).

Affirmed.