PEOPLE v. PENNINGTON

CONSTITUTIONAL LAW—SEARCHES AND SEIZURES—CRIMINAL LAW—
DANGEROUS ITEMS.

Under present Michigan law, certain described dangerous items
of evidence, such as a gun and bullets, are admissible at trial
regardless of the reasonableness of the search (Const 1963,
art 1, § 11).

Appeal from Wayne, Nathan J. Kaufman, J.
Submitted Division 1 May 8, 1969, at Detroit.
(Docket No. 5,032.)  Decided May 27, 1969.  Leave
to appeal granted March 19, 1970.  See 383 Mich 771.

Lawrence J. Pennington was convicted of carry-
ing a dangerous weapon in a motor vehicle.  Defend-
ant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer and *Angelo A. Pentolino,* Assistant
Prosecuting Attorney, for the people.

*Sidney Fershtman* (*Stephen M. Taylor,* of coun-
sel), for defendant.

BEFORE: HOLBROOK, P. J., and McGREGOR and
BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Arrest § 40.

PER CURIAM. Defendant, Lawrence J. Pennington, was arrested for drunk driving and taken to a State Police post. His car was towed to a gas station across from the police post. The arresting officer, after turning defendant over to a desk sergeant, walked across the road, opened the car and the glove box. In the glove box he found part of a bottle of whiskey and a loaded handgun. Defendant was charged with carrying a dangerous weapon in a motor vehicle. CL 1948, § 750.227 (Stat Ann 1962 Rev § 28.424). At trial, the whiskey bottle was held inadmissible as the result of an illegal search, but the gun and bullets were admitted into evidence, over defendant's objection. Defendant was convicted and appeals, claiming the admission of the gun and bullets was in violation of his rights under the Federal rule of *Mapp* v. *Ohio* (1961), 367 US 643 (81 S Ct 1684, 6 L Ed 2d 1081, 84 ALR2d 933).

The controlling and established law in Michigan is stated in the Constitution of 1963, art 1, § 11:

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation. The provisions of this section shall not be construed to bar from evidence in any criminal proceeding any narcotic drug, firearm, bomb, explosive *or any other dangerous weapon,* seized by a peace officer outside the curtilage of any dwelling house in this state." (Emphasis supplied.)

The Supreme Court of Michigan has not determined the last sentence to be unconstitutional in the light of *Mapp* v. *Ohio, supra.* Until the Michigan Supreme Court holds to the contrary, we affirm on this issue. *People* v. *Blessing* (1966), 378 Mich 51.

Under present Michigan law, certain described dangerous items of evidence can be admitted at trial. A gun and bullets fit into this category. Such evidence is admissible, irrespective of the reasonableness of the search. *People* v. *Monroe* (1966), 3 Mich App 165; *People* v. *Dillon* (1967), 7 Mich App 256; *People* v. *Vanlandingham* (1967), 6 Mich App 128, 131.

Affirmed.