491 P.2d 845

**STATE of Arizona, Appellee,**

v.

**Henry Ruiz PONCE, Appellant.**

**No. 1 CA–CR 335.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 16, 1971.

Rehearing Denied Jan. 10, 1972.

Ryley, Carlock & Ralston by Raymond M. Hunter, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

JACOBSON, Presiding Judge.

In this appeal from a conviction by the court, sitting without a jury, of illegal possession of marijuana, the defendant, Henry Ruiz Ponce, makes the unique argument that the law of "search and seizure" should be properly designated as the law of "search and seizures and search."

At approximately 10 a. m. on September 29, 1969, Sergeant Cozad, an officer of the Narcotics Enforcement Section of the Arizona Department of Public Safety, received a telephone call from a confidential informer with whom he had talked on previous occasions. His informer told the officer that Mike Thomas was going to purchase a large quantity of marijuana from Henry Ponce and that Thomas would be driving a light-colored 1966 Chevrolet El Camino and would arrive at Ponce's residence at about noon to conduct the transaction. The tip given by the informer was silent as to the exact location of the marijuana; however, it did indicate that the marijuana was located at Ponce's residence.

Agent Cozad had used this informer on nine or ten different occasions and as a result of his information three arrests had been made and one conviction obtained. According to Cozad's testimony, the information furnished to him by the informer had always turned out to be reliable.

Agent Cozad then passed on this information to several other agents and directed them to place Ponce's residence under surveillance and if warranted to make an arrest. At 12:40 p. m., the agents observed Thomas and Ponce leaving Ponce's residence. When the two men got into a white 1966 Chevrolet El Camino, neither of them was carrying any visible article. The El Camino, which was followed by the undercover agents, proceeded to another residence several miles away. Shortly thereafter, the two men returned to Ponce's residence and entered the house. Later both men came out of the house; Thomas went over to his El Camino pickup and lowered the tailgate while Ponce walked to the rear of a blue 1959 Pontiac station wagon which was ·parked in the driveway just in front of the El Camino. Ponce opened the door and removed a large inflated truck tire and wheel which he then placed in the bed of the pickup. From the large size of the tire and wheel it was obvious that it would not fit either the Thomas vehicle or the Ponce vehicle. The two men drove off in the El Camino, proceeded to the Valley National Bank on the corner of 16th Street and Buckeye Road and then stopped in the parking lot. At that point the agents who had been following the pickup approached Thomas and Ponce with drawn pistols, identified themselves as narcotics agents and told Thomas and Ponce they were going to search the El Camino for the hidden marijuana. One agent took the tire from the bed of the pickup, rolled it over to a gas station some thirty yards away and had it broken down, discovering five packages of marijuana in the tire. After Thomas and Ponce were arrested, they were advised of their constitutional rights.

On this appeal, defendant does not argue that probable cause did not exist for the arrest of the defendant and that the agents did not have a right, incidental to this arrest, to search the El Camino pickup. This court is in full accord with the defendant on this point.

Probable cause for arrest was aptly defined by the United States Supreme Court in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959):

> "Probable cause exists where 'the facts and circumstances within their [the arresting officer's] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." 358 U.S. at 313, 79 S.Ct. at 333.

 For a law enforcement officer to establish probable cause based on information furnished by an informer, the two-pronged test of *Aguilar*[1] must be satisfied. First, the facts must show that the informer is "credible" or his information is "reliable". Second, the underlying circumstances on which the informer based his information must be set forth. When a showing of the underlying circumstances is not made, the basis of knowledge can be supplied by the investigating officer, if by his own observations, he is able to sufficiently verify all of the information contained in the tip. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). However, it is not essential that the information supplied by the informant be verified in its entirety by the personal observation of the officer. The actual fact of the alleged activity does not have to be personally verified by the officer; rather the facts and circumstances must be such that the officer can draw an inference that illegal activity is afoot. See *Draper,* supra.

1. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

■ In the case at bar, the test of probable cause for arrest as enunciated in Draper and the test of a factual showing of probable credibility of the informant as enunciated in *Aguilar* were more than met. Agent Cozad testified that he had used the informer on nine or ten different occasions which led to three arrests and one conviction. The information which the informer had furnished and which Agent Cozad had an opportunity to check out was always found to be truthful. Although the underlying circumstances on which the informer based his knowledge were not spelled out in specificity, i. e. that he had seen the kilos of marijuana in a particular location at Ponce's residence, the knowledge of the underlying circumstances was supplied by the personal observations of the agents involved in the surveillance of the activities of Thomas and Ponce. The agents had observed Thomas, who was driving a light 1966 El Camino, arrive at Ponce's residence around noon. The only fact that the tip did not include was the exact location of the marijuana. The only part of the tip not actually verified by the agents was the transfer of the marijuana to Thomas. Based upon the training of the agents that inflated tires are used to hide illegal narcotics, and the agent's observation of Ponce when he placed an oversized tire in the El Camino which was registered to Thomas, the agents had probable cause to believe that the oversized tire, which was unlike the size of tire used on either the Pontiac or El Camino contained the marijuana that the informer had predicted would be transferred at Ponce's residence.

■ It is at this point, however, that defendant wishes to extend the limitations of the fourth amendment of the United States Constitution by contending that before the tire itself could be searched, that is, broken down to observe its contents, a search warrant was necessary, and that its absence made the contents of the tire inadmissible. To reduce defendant's contention to its simplest terms, his argument is that though probable cause exists for an arrest and subsequent search of the vehicle, and though *probable cause exists to believe that a container found in that search contains contraband*, and that this container may constitutionally be seized, it is constitutionally illegal to inspect, (search) the contents of that container without a search warrant. Defense counsel has been able to cite to this court only a federal district judge's decision on a motion for rehearing in the case of Caver v. Kropp, 306 F.Supp. 1329 (E.D.Mich.1969), which might possibly require such a result. In Caver v. Kropp, *supra,* the defendant, who was arrested on the suspicion that he might have been involved in a rape and burglary was searched and a sealed envelope was discovered which when opened contained heroin. The initial decision by the district court judge turned on the question of whether the officer, incidental to a lawful arrest, was entitled to search for items other than fruits of the crime or a weapon. Based upon the holding in Terry v. Ohio, 392 U. S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the district judge held that the search of the envelope, which the officers had no reason to believe contained either fruits of a crime or a weapon, was unreasonable, and ordered the suppression of this evidence. On rehearing, this same judge made the following, gratuitous and in our opinion, unfortunate remark:

"Even if there were probable cause to believe that the envelopes contained narcotics, petitioner was under arrest and the envelopes were in the possession of the police officers. There was no danger that the contents of the envelopes would be used to effectuate an escape or that evidence would be destroyed. Under these circumstances, the police officers should have secured a search warrant prior to opening the sealed envelopes." 306 F.Supp. at 1332.

In support of this proposition, the district court cited Colosimo v. Perini, 415 F. 2d 804 (6th Cir. 1969). On June 29, 1970, the United States Supreme Court vacated Colosimo v. Perini in light of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.

Ed.2d 419 (1970). (*See:* Perini v. Colosimo, 399 U.S. 519, 90 S.Ct. 2233, 26 L.Ed.2d 777 (1970). For obvious reasons, we do not deem this statement in Caver v. Kropp, *supra,* persuasive.

The defendant further cites certain cases dealing with the unlawful search of personal property, i. e., Faubion v. United States, 424 F.2d 437 (1970) (dealing with a search not incidental to an arrest); Brett v. United States, 412 F.2d 401 (5th Cir. 1969) (search of a prisoner's clothing three days after being in jail); People v. Marshall, 69 Cal.2d 51, 69 Cal.Rptr. 585, 442 P.2d 665 (1968) (search of a brown paper bag found in an unoccupied apartment entered without a search warrant); People v. McGrew, 1 Cal.3d 404, 82 Cal.Rptr. 473, 462 P.2d 1 (1969) (search of a foot locker at an airport terminal not incidental to an arrest); and Abt v. Superior Court, 1 Cal.3d 418, 82 Cal.Rptr. 481, 462 P.2d 10 (1969) (search of packages to be delivered by air freight, not incidental to a lawful arrest).

From these cases, defendant deduces that personal property itself is subject to the protection of the 4th Amendment to the United States Constitution. He then cites to the court the recent United States Supreme Court case of Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) to the effect that "exigent circumstances" must exist before a warrantless search, even with probable cause, may be lawful. He then argues that since the tire in this case was within the complete dominion and control of the agent, the defendant and his cohort were properly subdued and at gunpoint, that no "exigent circumstances" existed for the warrantless search of the tire.

Aside from the fact that petitioner's argument is not sustained by Chambers v. Maroney, *supra,* the fallacy in defendant's reasoning is based upon the assumption that where the search is incidental to a lawful arrest, that the requirement for "exigent circumstances" must also exist. This is clearly not the holding in Coolidge v. New Hampshire, *supra,* for in that case the search of the defendant's automobile was not incidental to his arrest, the defendant having been taken into custody in his home. What Coolidge v. New Hampshire does hold is that a warrantless search, not incidental to a lawful arrest, but with probable cause is not valid unless "exigent circumstances" exist. Thus a search of an automobile is allowed, incidental to a lawful arrest, not because exigent circumstances exist alone, but as an exception to the scope of search rule of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), based on the mobile nature of the automobile. Chambers v. Maroney, *supra.* Moreover, the right against unreasonable searches and seizures is a personal right of the defendant and is not an independent right personal to the article itself. The personal article itself has no constitutional rights.

In this case, having established that defendant's personal rights against unreasonable search and seizure were not violated, the tire cannot constitutionally complain that its innards were revealed.

Judgment affirmed.

HAIRE and EUBANK, JJ., concur.